EQUITABLE FIRE & MARINE INSURANCE COM-
PANY et al., Respondents, v. ST. LOUIS & SAN
FRANCISCO RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, December 7, 1908.

1. INSURANCE: Release: Construction: Partnership: Estoppel.
A partnership obtained a license from a railroad to build a
barn partly on its premises and gave a release against loss by
fire from engines of the company "to buildings now on or
thereafter placed on said premises" or for "any damage or
injury to other property upon or outside of said premises."
D owned the barn and was the active partner securing and
executing the contract. The property was destroyed by sparks
from the road's engines and the insurance company paid the
loss to D, the owner, and sued to recover the payment from the
railroad. *Held*:

(1) That the release covered the barn off the right of way.

(2) That the release was the joint and several contract of
D the active partner, and bound the insurance company
who stood in his shoes.

(3) That D was estopped to say that the release was not made
by the proper party.

2. PROPERTY: Definition. "Property is *nomen generalissimum*
and covers every specie of valuable right and interest including
real and personal property, easements, franchises and other in-
corporeal hereditaments.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs,*
Judge.

REVERSED.

*W. F. Evans* and *Woodruff & Mann* for appellant.

(1) The right of way license, was executed for a
good consideration, was valid and binding, is not against
public policy or void, and is such a contract as defendant
railroad company has a right to enter into between itself
and parties desiring to put buildings or do business upon
its right of way, and has been upheld uniformly by the
courts of this and other States. Insurance Co. v. Rail-
road, 94 Mo. App. 89; Insurance Co. v. Railroad, 94 Mo.

App. 106; Ordelheide v. Railroad, 80 Mo. App. 357, 175 Mo. 337; Railroad v. Ordelheide, 172 Mo. 436; Griswold v. Railroad, 24 L. R. A. 647; Insurance Co. v. Railroad, 30 L. R: A. 193; Insurance Co. v. Railroad, 175 U. S. 91; Brotherton v. Railroad, 147 Mo. 441.   (2)   The right of way license, was granted by the defendant railroad company to the Joplin Hay Company, which the agreed statement of facts shows was a copartnership composed of plaintiff R. D. Davis and E. M. Davis, and it is signed "The Joplin Hay Company, by R. D. Davis." The contract being a joint contract at common law of the copartnership doing business under the name of the Joplin Hay Company, is, under our statutes, the joint and several promises of the copartners E. M. Davis and the plaintiff R. D. Davis; or, in other words, it is the individual contract, for the purposes of this case, of the plaintiff R. D. Davis.   R. S. 1899, section 889.   (3)   The plaintiff insurance companies, suing as they do in the petition in this case, to recover on account of the fact that they have paid their policies of insurance on the property owned by R. D. Davis, have no right of action against the defendant, except by and through the law of subrogation.   They stand in the shoes of plaintiff R. D. Davis, and certainly are in no better situation than the plaintiff R. D. Davis or the John Hay Company if either were suing direct to recover the loss.   Insurance Co. v. Water Works Co., 42 Mo. App. 118; Insurance Co. v. Railroad, 74 Mo. App. 112; Insurance Co. v. Railroad, 74 Mo. App. 106; Insurance Co. v. Transportation Co. 117 U. S. 321, and cases cited under point.   (4)   The word "property" is *nomen generalissimum* and extends to every species of value, right and interest, including real and personal property, easements, franchisements, and other incorporeal hereditaments.   Wilson v. Beckwith, 140 Mo. 372; Lawrence v. Hennessey, 165 Mo. 670; 19 Am. & Eng. Enc. Law, pp. 284, 285.   (5)   The rule *ejusdem generis* is by no means a rule of universal appli-

cation and its use is to carry out, not defeat, the intention of the agreement to be gathered from the four corners thereof. State v. Broderick, 7 Mo. App. 21; McFarland v. Ry., 94 Mo. App. 336.

*Fyke & Snider* and *Clay & Sheppard* for respondent.

(1) To whatever parties defendant's license may be extended as an obligation, its terms do not include buildings not on the premises described in said license. Rutherford v· Wabash, 147 Mo. 441. (2) Defendant's license agreement was with the Joplin Hay Company, a concern in no way known to the plaintiffs we represent. R. D. Davis individually is in no manner identified with the instrument, or a party to it. Hollingshead v. Curtis, 14 N. J. Law, 402; Stotherd v. Hardie, 34 South. 740, 110 La. 696; Kelly, L. & G. & A. Co., 97 Mo. App. 623; McDonald & Co. v. M. & A., 57 Mo. App. 258; Ordelheide v. Wabash, 80 Mo. App. 507.

ELLISON, J.—Seven insurance companies and R. D. Davis instituted this action against the defendant railway company to recover from it the several sums of money they had been compelled to pay on property destroyed by fire which was caused through the negligence of defendant, which property was insured by such companies. The judgment in the circuit court was in favor of the defendant as to all the plaintiffs save two companies and Davis; as to them the judgment was against defendant. The two companies thus obtaining judgment were the German Alliance and the Orient. The losing companies acquiesced in the judgment against their claims, but the defendant appealed as to the claims of Davis and the two companies.

It appears that Davis owned a warehouse, or, as has been stated, two warehouses, one contiguous to and connected with the other. One of these was partly located on defendant's right of way—that is, the front or south end was on a space of about twenty by forty feet of the

right of way. It extended back north on ground adjoining the right of way and adjoining and connected with that portion not on the right of way was the second warehouse. There was grain and other personal property in these buildings. The buildings and personal property were destroyed by fire escaping from one of defendant's engines on a nearby track. The several insurance companies paid the losses to R. D. Davis and then they brought the present action, whereby they seek, by right of subrogation to Davis's claim against defendant for negligently burning his property, to recover what they have paid out to him under their policies [Insurance Co. v. Railroad, 149 Mo. 165; Insurance Co. v. Railroad, 74 Mo. App. 106.]

Since the claim of the insurance companies is dependent upon that of Davis against defendant and must be worked out through his claim, the defendant bases its defense on a release which it contends Davis made to it. This release is continued in defendant's written license permitting the building aforesaid to partly stand on its right of way. The license is granted by defendant to the Joplin Hay Company, a partnership composed of said R. D. Davis and his brother, E. M. Davis. R. D. Davis executed the release for the company by signing the company's name to the license. The defendant insists that the release is the contract of R. D. Davis, while the insurance companies contend it is the contract of the party named therein, to-wit: the Joplin Hay Company. The parties also widely differ as to the construction which should be put upon the release under its particular wording.

We will first construe the release. After reciting the license to the "Joplin Hay Company, of Joplin, Missouri," of the land therein described, in consideration of one dollar and the further consideration of compliance with certain covenants of the hay company as party of the second part, the contract proceeds to set out the con-

ditions upon which the railway company, as party of the first part, grants the license, as follows:

"This license is issued upon the following express conditions: "1st. Said premises shall be used by said party of the second part solely and only for the purpose of warehouse and grain bin. "2nd. That the said party of the first part, its successors and assigns, shall be exempt and released, and said party of the second part for himself, his heirs, executors, administrators and assigns, does hereby expressly release it from all liability or damage by reason of any injury or destruction of any building, or buildings, now on or which may hereafter be placed on said premises, or of the fixtures, appurtenances, or any personal property remaining inside or outside of said buildings, by fire occasioned or originated by sparks or burning coal from locomotives, or by reason of any damage or injury to other property upon or outside of said premises caused by fire communicated to said building and thence communicated to such other property, or by reason of the carelessness or negligence of the employes or agents of the said party of the first part.

"3rd. Said party of the second part, for himself, his heirs, executors, administrators and assigns, hereby agrees to indemnify, and does hereby indemnify the said party of the first part from all loss, injury or liability on account of any sums of money which it may be required to pay on account of any liability or damage by reason of any injury to or destruction of any building or buildings now on or which may be hereafter placed on said premises, or of the fixtures, appurtenances or any personal property remaining inside or outside of said building by fire occasioned or originated by sparks or burning coal from locomotives, or by reason of any damages to other property upon or outside said premises caused by fire, communicated to said buildings and thence communicated to such other property, or by reason of any damages done by trains or cars, or by reason of

the carelessness or negligence of the employees or agents of the said party of the first part."

Defendant insists that the release covers the two structures entire, while the insurance companies say it only applies to that part of the one building which is upon the right of way. The insurance companies cling to the expression "destruction of any building or buildings, *now on, or which may hereafter be placed on said premises,*" and think that the reference to *personal* property outside, excludes any other kind of property outside the right of way. Defendant's view is that the further expression in the later clause "or by reason of any damage or injury to *other* property upon or *outside* of said premises," includes the buildings not on the right of way. We think the construction of the insurance companies is narrower than the plain words justify and that of defendant is the true meaning. The last clause, "other property upon or *outside*" the right of way, must include the buildings connected with that part of the one on the right of way.

The Supreme Court, in the case of Wilson v. Beckwith, 140 Mo. 359, l. c. 372, adopts the following definition from a standard work: " 'Property' is *nomen generalissimum,* and extends to every species of valuable right and interest, including real and personal property, easements, franchises and other incorporeal hereditaments." [19 Am. and Eng. Enc. of Law, pp. 284, 285.] This definition is again adopted in the case of Lawrence v. Hennessy, 165 Mo. 659 l. c. 670. The meaning, in our view, is this: That if a fire communicated by defendant to the building on the right of way, is thence communicated to the other building or parts of building not on the right of way, the release applies to both those on and off the premises.

But the insurance companies interpose another objection to the release. It will be observed that the written license is given to and the release taken from the Joplin Hay Company, while R. D. Davis is the owner of

the property and he is the one who was insured and it is through *him* that the insurance companies claim the right of subrogation. And they say that as he has not released his claim against the defendant company, subrogation may be had through him, and it is immaterial what construction is placed on the terms of the release above discussed, since it can have nothing to do with the case. Defendant's answer to this is twofold: first, that the Joplin Hay Company is a partnership composed in part of R. D. Davis, and that the statute (section 889, Revised Statutes 1899) makes all joint contracts joint and several, and that therefore the release, though in the name of the partnership, is after all a release from Davis. Second, that Davis was the active agent for the partnership in securing the license from defendant and giving the release—that he executed it for the partnership. That he thereby represented to defendant that the partnership was the proper party to receive the license and to execute the release. And that if Davis was the sole plaintiff in this action he would be estopped of his right to recover by reason of his conduct; so, therefore, will these insurance companies, who must stand in his shoes. We regard both these positions as sound. The promise of release by the partnership was likewise the individual promise of Davis, and he could be held liable individually for a breach of it.

And as to the second proposition, it would appear to be only justice to deny Davis the right to say there was not a proper release by the proper party, when he was the active agent in having it drawn as it was.

It follows the judgment should be reversed. All concur.