THE ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY,
Appellee, v. W. J. THIRLWELL, Appellant.

No. 17,841.

HEADNOTE BY THE REPORTER.

1. EVIDENCE—*Written Statement by Railroad Accountant.* A
written statement purporting to show the cost of a railroad
spur, prepared by an accountant from reports received in the
regular course of business, and who was acquainted with the
cost of materials used and labor employed was competent evi-
dence as to the cost of such railroad spur.

2. PLEADINGS—*Contract—Performance—Delay—Damages.* The
averments of the answer are not sufficient to constitute a cause
of action in favor of the defendant for damages for delay in
building the spur.

Appeal from Linn district court. Opinion filed De-
cember 7, 1912. Affirmed.

*J. I. Sheppard,* of Fort Scott, and *John O. Morse,* of
Mound City, for the appellant.

*R. R. Vermilion,* of Wichita, for the appellee.

*Per Curiam:* The petition filed in this case alleges,
and the answer admits, the execution of a written con-
tract between the appellant and the railroad company,
by the terms of which the appellant was to grant or
procure the right of way and to grade the same for a
spur track about two thousand feet, more or less, in
length to connect the appellant's coal mine with the
track of the railroad company. Upon the furnishing
of such right of way, graded by the appellant, and
upon the payment by him to the railroad company of
the estimated cost thereof, $701.33, the railroad com-
pany was to construct such spur track and own, con-
trol and operate the same. The contract further
provided:

"If the actual cost of construction exceeds said esti-
mated cost, the Shipper shall upon presentation of bill

therefor, pay the Railroad Company the excess, and if the actual cost is less than the estimated cost the Railroad Company shall upon completion of track repay the Shipper the difference. The shipper (now appellant) shall do the grading and the cost of the same shall not be included in said estimated cost."

The petition further alleges the completion of the contract and that the actual cost of the construction was $122.33 over and above the estimated cost; that demand for the payment thereof had been made upon the appellant and that he had failed and refused to pay the same. Judgment is asked for that amount.

The answer admits the execution of the contract, payment by the appellant of $701.33, the procuring of the right of way, and the grading of the spur track by him. It further denies only that the defendant (appellant) owes or is indebted to the plaintiff (appellee) in any amount whatever. Further, the answer alleges that the railroad company demanded and recovered an unreasonable price for constructing the spur track, and that the appellant did not know, at the time of the execution of the contract, that by the terms thereof the railroad company would own the track when completed.

In an amendment to the answer the appellant claims that the company neglected and refused to build the sidetrack, or spur track, from the 10th day of November, 1906, when it is alleged the grading was finished, until the 10th day of March, 1907, and alleges that he was damaged ten dollars per day, aggregating $1100, during the time. In a further amendment the appellant alleges that he lost a profit of eighty-five cents per ton on twelve tons per day of coal from November 10, 1906, to March 10, 1907; that his damage was $10.20 for each and every working day during the period.

The reply to such answer and the amendments thereto was a general denial.

The first objection by the appellant is to the admission of the testimony of A. C. Bean. Bean testified that he was an accountant and worked for the railroad company for about five years, including the time when the spur track in question was constructed, and that he knew the actual cost thereof; that the original cost, including freight, was $920.03, $122.33 above the estimated cost; that it was his business to make up payrolls, bills and vouchers. In substance, he testified that he made up the statement, "Exhibit C," which was admitted in evidence, in the regular course of business, upon reports made by Coughlin, roadmaster, and Frazier, track foreman.

Coughlin testified that he was roadmaster at the time the spur track was built, and that "Exhibit C" contained a correct statement of the material used therein.

Frazier testified that he was track foreman in the building of the spur track, and that "Exhibit C" contained a substantially correct statement of the amount of labor employed.

Bean testified, in substance, that he was acquainted with the value of the various articles of material used and of the labor employed, and that he made up the statement, "Exhibit C," from the reports of Coughlin and Frazier, by simply extending the price of items of material and labor therein described. Surely this renders "Exhibit C" competent evidence in this case.

It is said by the appellee that appellant should not be heard for the reason that his answer, as amended, raises no issue to be tried. It appears there was no denial in the answer except a denial of any indebtedness to the company. There is no denial of the facts upon which the indebtedness is alleged to have arisen, and sufficient facts are not stated to constitute a cause of action for damages against the plaintiff in the action. The contract pleaded seems to specify no time

within which the spur was to be made or completed, nor is there any allegation as to what would be a reasonable time for doing the work or that it was not done within a reasonable time.

The appellant alleges, in effect, that he did not understand the contract, but pleads no reason therefor. It is conceded that the contract was in writing, and the parties thereto will be presumed to have known its contents, in the absence of any affirmative showing to the contrary, which was entirely lacking in this case.

But it is said that the contract was unreasonable in that it required the appellant to pay for and go to all the expense of making the spur track, and that when completed it should be the property of the appellee, and that the appellee should be required to operate it only so long as the business done thereon should, in the judgment of the appellee, pay for doing so. Unexplained, this does seem a one-sided contract, but it is said that it is the usual contract exacted by railroad companies for spur tracks to mines. The appellant testified that he had been a miner practically all his life, and presumably he had opportunities to determine whether such a contract was desirable or not, and it is presumed that he made the contract understanding its terms.

The appellant failed to prove any violation of the contract on the part of the company, and the company proved, by competent evidence, its claim for the cost of making the spur track, over and above the estimated cost at the time the contract was made. There is no conflict in the evidence. The court, therefore, properly instructed the jury to return a verdict for the plaintiff, and the amount of such verdict, and rendered judgment accordingly.

It may be said that where the court assumes to determine the facts, as in this case, that no verdict of the jury should be required, but that the court should as-

sume the responsibility of rendering judgment on the uncontroverted evidence. This, however, is a matter of form and does not go to the merits of the judgment.

The judgment is affirmed.