# Stoneboro and Chautauqua Lake Ice Company v. Lake Shore and Michigan Southern Railway Company, Appellant.

*Negligence—Liability for negligence—Railroads—Contracts—Public policy—Sidings.*

1. A duty to the public attaches necessarily whenever a thing operated or exercised is impressed with a public use; and whenever this is the case the duty to the public cannot be made the subject of private contract modifying or in any way controlling its legal consequences.

2. A contract between a railroad company and a person owning property adjacent to its tracks, exempting the railroad from liability on account of negligence in the use and operation of a siding constructed wholly upon the railroad's right of way and subject to its exclusive control, is void as against public policy, irrespective of whether such siding was constructed primarily to accommodate such owner.

3. In an action to recover damages to property by reason of a fire alleged to have been occasioned through defendant's negligence in employing upon the siding a defective engine and operating the engine in a negligent way, it is no defense that the siding was originally constructed and continued to be operated under a contract with the plaintiff exempting the railroad from liability for negligence in its use and operation.

Argued October 17, 1912. Appeal, No. 1, Oct. T., 1912, by defendant, from judgment of C. P. Venango County, April T., 1909, No. 32, on verdict for plaintiff in case of The Stoneboro and Chautauqua Lake Ice Company v. The Lake Shore and Michigan Southern Railway Company. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass for damage to real property. Before CRISWELL, P. J.

The opinion of the Supreme Court states the case.

Verdict for plaintiff for $16,477 and judgment thereon. Defendant appealed.

*Error assigned,* among "others, was (1) in refusing binding instructions for the defendant.

*S. H. West,* of Cleveland, Ohio, with him *J. H. Osmer, A. R. Osmer* and *N. F. Osmer,* for appellant.

*Wm. J. Breene,* with him *Edmund C. Breene,* for appellee.—A railroad company may not contract against its own negligence in its operations within its own right of way where such negligence results in the destruction of property of the public lawfully located outside its right of way: Lackawanna & Bloomsburg R. R. Co. v. Doak, 52 Pa. 379; Frankford & Bristol Turnpike Co. v. Philadelphia & Trenton R. R. Co., 54 Pa. 345; Philadelphia & Reading R. R. Co. v. Yerger, 73 Pa. 121; Penna. R. R. Co. v. Stranahan, 79 Pa. 405; Confer v. R. R. Co., 146 Pa. 31; Camden & Amboy R. Co. v. Baldauf, 16 Pa. 77; Hunt v. Knickerbocker, 5 Johns. (N. Y.) 327.

OPINION BY MR. JUSTICE STEWART, January 6, 1913:

That a railroad company may, by contract with the owner of a private siding, exempt itself from liability on account of negligence in the use and operation of such siding, rests distinctly on the ground that the railroad company owes no duty to the public in connection therewith. It may be required to deliver cars thereon and take them away in order to meet the demands of the party whose siding it is, but only at the instance of the party owning the siding or of one having a right to its exercise. Such siding is private property pure and simple, which the owner has built for his own convenience, and over which the railroad company has no control whatever; and it is a matter of entire indifference to the public whether it be maintained or not. The case takes on a very different aspect when, as here, the siding is wholly upon the railroad's right of way owned, as it must be, exclusively by the railroad company, and

subject to its exclusive control. The right of way of a railroad company is impressed with a public use which may not be divested. The owner of a private siding may refuse to share its convenience with anybody; not so with a siding constructed by the railroad upon its right of way. However such siding may have been constructed primarily to accommodate some individual shipper, its use cannot be refused to others similarly situated and under like conditions. Any shipper then or thereafter doing business at any point on the line of the siding, could not be denied under like conditions equal facilities with those allowed another. It is none the less devoted to public use because of the fact that it was constructed primarily for the convenience of a single shipper. It must be open to all, and becomes quite as much impressed with public use as any other track of the company.

In the present case we have to do with a siding or track entirely upon the railroad's right of way, constructed originally in 1893 under an agreement with the Stoneboro and Chautauqua Lake Consolidated Ice Company, Ltd., to whose rights and obligations under said agreement the appellee has succeeded. This siding is nine hundred and sixty feet in length and passes directly in front of certain ice houses and premises of the ice company. The agreement for its construction, after reciting that the ice company desires the construction of the siding, prescribes the terms and conditions under which the railroad company undertakes to construct, maintain and operate it. While the construction was to be at the joint expense of the parties, the siding was to be and remain the exclusive property of the railroad company, with the right in the railroad company to use without cost the whole or any part of the track for other business than that of the ice company, when the same was not actually occupied by cars being loaded or unloaded by the ice company. The agreement was to remain in force for five years, with the right, how-

ever, in the railroad company to discontinue the use of the siding and remove it at any time after written notice to the ice company. We are concerned with none of the terms of the agreement except the concluding one, which reads as follows:

"This agreement being made at the request and for the benefit of the said second party, it is in consideration thereof agreed that the said first party shall in no event be or become liable for any damage or loss that may occur or be caused at any time to the property or employees of said second party or to any other person or persons who are not employed by said first party, or to their property, by reason of the use of said side track, or by the men, engines, cars or other means and agencies employed and engaged in the use thereof in connection with any business of or for the second party; whether said damage or loss be caused by negligence of first party or its employees, or otherwise; and further, that the said second party shall be primarily liable for all such damage or loss to any and all persons and parties other than employees of said first party, and shall and will save, indemnify and keep harmless the said first party from and against all liability for the same."

At the expiration of the term, 27 October, 1898, an agreement was entered into for a renewal for another five years on virtually the same terms and conditions as to the use and operation of the siding. Again, 27 October, 1903, by another agreement the term was extended for five years. This last agreement recited that "the written agreement dated October 27, 1893, under which the said side track was constructed, is hereby cancelled." In all material respects touching the question we are to consider, the conditions in the several agreements were the same. The condition exempting the railroad company from liability for or on account of its own negligence is the same in each, with a change only in phraseology which calls for no remark. During the term provided for by the last agreement, 25 March,

1907, the buildings of the ice company were destroyed by fire. The present action to recover damages from the defendant followed, the plaintiff alleging that the fire was occasioned through defendant's negligence in employing upon the siding a defective engine, and operating the engine in a negligent way. A verdict for the plaintiff for the amount of its damages resulted, and this was followed by a motion for judgment non obstante veredicto, on the ground that notwithstanding the jury had found the proximate cause of the injury to have been defendant's negligence, the agreement hereinbefore recited exempted the defendant from such liability. The rule granted on the motion was subsequently discharged and judgment was entered on the verdict. In the opinion filed, the learned trial judge holds that the agreement for exemption from liability for negligence offended against public policy and was, therefore, void, resting his conclusion on the ground that when the contract of 27 October, 1903, was entered into the siding was an existing facility, not one in contemplation of construction; that nothing in the agreement is predicated on the fact that plaintiff's predecessor had contributed to its construction, and that the parties were dealing solely with reference to the future use of one of the defendant's facilities for handling and transporting freight. The appeal challenges nothing in the record except the refusal of the court to enter judgment for the defendant non obstante veredicto. The argument in support of the appeal is confined largely, if not wholly, to controverting the position taken by the trial judge that the contract of 27 October, 1903, was without reference to the earlier contract of 1893, which provided for the construction of the siding, but had regard solely to the future operation of an existing facility. This position, it is urged, loses sight of the original contract of construction without which there would have been no track to operate; and it is insisted that the legality of the terms under which the track was operated

can only be determined in the light of the original contract for its construction. The contention is over a matter wholly irrelevant and immaterial. Had the destruction of the buildings occurred from the same cause during the continuance of the term under the contract of 1893, the legal results would have been the same; the provision for exemption from liability would have availed the defendant nothing, because against public policy. It is no more within the power of a railroad company to relieve itself by contract from liability for negligence in operating a siding which it contemplates building upon its own right of way, than it is to relieve itself from liability in the operation of an existing siding on its right of way. Once constructed, the siding is impressed with a public use which may not be derogated from by prior agreement with private parties. The fact that private parties in order to induce its construction for their own convenience contributed part or all of its cost, is of no significance; nor would it alter the case in the slightest were it shown that but for such contribution the siding would not have been built. The controlling fact is that it was built, and built by the railroad company, the only party having the right to build it, only, however, as a trustee of franchises committed to it by the State, to be exercised for the public benefit with preference to none. A duty to the public attaches necessarily whenever the thing operated or exercised is impressed with a public use; and whenever this is the case the duty to the public cannot be made the subject of private contract modifying or in any way controlling its legal consequences.

The assignments of error are overruled and the judgment is affirmed.