No. 22,882.

W. J. THIRLWELL, *Appellee*, v. WALKER D. HINES, Director General of Railroads (JOHN BARTON PAYNE substituted), *Appellant*.

SYLLABUS BY THE COURT.

1. RAILROADS—*Building Spur Track—Contract Exempting Railroad from Liability for Negligence—Contract Valid.* A certain contract involved herein by the terms of which the railroad company built a spur track for the plaintiff on condition that it be relieved from liability for injury to or destruction of property "owned, possessed or stored by consent of the shipper near said track, caused by fire set out from a locomotive," held not invalid as against public policy, following *Grain Co. v. Railway Co.*, 94 Kan. 590, 146 Pac. 1134.

2. SAME. The property destroyed being owned and located by the plaintiff near such spur track, it is held that the railroad company is not liable for damages caused by a fire set out by its locomotive on the main track in that immediate vicinity.

3. SAME. The plaintiff having by such contract precluded himself from recovery, an error in the instructions did not entitle him to a new trial.

Appeal from Linn district court; EDWARD C. GATES, judge. Opinion filed April 9, 1921. Reversed.

*R. R. Vermillion, W. F. Lilleston,* both of Wichita, for the appellant; *W. F. Evans,* of St. Louis, Mo., of counsel.

*John A. Hall,* of Pleasanton, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff sued to recover a fire loss. The jury found against him, and the court granted a new trial on account of certain instructions given, and from this order the defendant appeals.

Three principal questions arise: The effect of a certain spur-track contract, the correctness and materiality of certain instructions, and the propriety of granting a new trial.

After pleading the usual defenses in a fire case, the defendant set up a contract to build a spur track on the line of which the property burned was located. This contract was made in 1906, and was involved in the case of *Railroad Co. v. Thirlwell,* 88 Kan. 275, 128 Pac. 199. It was and is claimed that by the

terms of that agreement the plaintiff precluded himself from maintaining this action, but a demurrer to this defense was sustained.

The railroad company contends that this contract amounted to a release from liability for damages caused by a fire set out by it at or near the spur track, while the plaintiff as strongly insists that it covered only a fire occurring in the operation of a train on this spur track, and not elsewhere. The fourth provision of that instrument is in these words:

"The shipper agrees to release and indemnify the railroad company from liability for costs and damages suffered by any injury to or destruction of real or personal property owned, possessed, or stored by consent of, the shipper, near said track, caused by fire set from a locomotive; also from liability for costs and damages by injury or death of any person, on or near said track by permission of the shipper, caused in the use of said track. This action shall apply whether the railroad company, or its employees, be careful or negligent."

This does not seem difficult of construction. It simply means that if the property burned was owned, possessed or stored by the plaintiff near the spur track, the loss must fall on him. The property destroyed included a coal tipple, engine house, tools and shaft—alleged to be worth $4,054.56, all located just east of the company's right of way a short distance north of Pleasanton, and it seems to be conceded that it was along or near the spur track.

It is urged that as Mr. Thirlwell procured the building of this spur track by contract with the railroad company, the latter did not build it as a part of its quasi-public duty, and hence relieved itself from liability resting on a railroad company to answer for a fire negligently set out. But the contract which is set forth in the abstract required Mr. Thirlwell to get the right of way free of cost to the company, pay it $701.33, and certain possible excess cost of construction, and to do the grading, while the company bound itself to operate the spur track only so long as in its judgment the business thereover should pay therefor. No reason is apparent why these provisions are not valid. Neither can it be held that the fourth clause is void because it has the effect of relieving the company from its own negligence in setting out a fire, while operating its road near the spur track. In *Mayfield v. Southern Railway*, 85 S. C. 165, a somewhat similar contract was

held to exempt the company from liability for a fire communicated from its main line. See, also, *Richmond v. N. Y., N. H. & H. R. R. Co.*, 26 R. I. 225. The other view, that the fire must occur on the spur track, was upheld in *Thomason v. Kansas City Southern Ry. Co.*, 122 La. 995, the contract expressly limiting the liability to fires caused in the use of such spur track, or work connected therewith. The supreme court of Pennsylvania held this kind of a contract void as against public policy in *Stoneboro & C. I. Co. v. L. S. Rwy. Co.*, 238 Pa. 289. But a contract similar in principle was upheld in *Grain Co. v. Railway Co.*, 94 Kan. 590, 146 Pac. 1134, wherein its validity was carefully considered and numerous authorities cited. To the same effect are *Mann v. Pere Marquette R. Co.*, 135 Mich. 210; *Griswold v. Ill. Cent. R'y Co.*, 90 Iowa, 265, and *Hartford Ins. Co. v. Chicago &c. Railway*, 175 U. S. 91. See, also, *Gagnon v. Boston Elevated Railway*, 205 Mass. 483.

We cannot follow counsel in his contention that under this construction "If Thirlwell owned other property near the right of way a hundred miles distant from this mine, then in the event of its being negligently burned by the railroad, there would be no liability upon the railroad because of this contract." It is not near the railroad's right of way, but "near said track"—the spur track—where the property must be located in order to relieve the defendant—the same "track" which is to be operated only so long as it proves profitable to the railroad company.

The trial court readily saw the error which crept into the charge touching the effect of a showing that a fire had been set out by the defendant in the operation of its road, and had it been a material error, it would require a new trial. But the contract left the plaintiff without remedy, and the jury found against him—as other juries would be compelled to do should or could the case get to them, and hence, the plaintiff is not entitled to another trial, for if they should not find, as here in effect, that the fire was not set out by the defendant, and that the engine was free from defect, they would have to be told by the court that by reason of the spur-track contract the plaintiff had foreclosed the possibility of a recovery.

Only materially prejudicial errors can, under our statute and decisions, work a reversal, and an inaccuracy found in the charge can by no possibility avail the complaining party when it is certain that he cannot in any event prevail.

The leader of a symphony orchestra seeks to inspire and synchronize a body of players all intent and harmonious in striving to render the same service, and doubtless even the orchestra leader now and then makes mistakes. The judge who presides over a jury trial is in a different position. His province is to keep the best possible approach to harmony among violently discordant forces fighting every inch of the way through the case, with the witnesses eager to get away and the taxpayers critical of every waste of time. Usually, the charge must be written while the trial is going on, in the interim between rulings on evidence or attempts to quiet incipient belligerency among counsel, and the wonder is that so few mistakes are made.

In view of the situation presented, none of the other points discussed by counsel needs be considered.

The order granting a new trial is reversed and the cause remanded with directions to enter judgment for the defendant.