## NIEDERHAUS v. JACKSON, RECEIVER.

[No. 11,381. Filed December 15, 1922. Rehearing denied February 15, 1923. Transfer denied April 20, 1923.]

1. CONTRACTS.—*Railroads.—Exemption from Liability by Special Contracts.—Validity.*—While railroads may not, as common carriers, enter into contracts which contravene the rights of the general public, they may, as private carriers or bailees for hire, enter into special engagements as matters of accommodation concerning matters in which the public has no interest, but which concern only the contracting parties. p. 554.

2. CONTRACTS.— *Railroads.— Negligence.— Limitation of Liability.*—A railroad company contracting to do something which it cannot be compelled to do in its capacity as a common carrier may, as a consideration, impose conditions in such contract releasing it in advance from liability for damages resulting from negligence. p. 555.

3. RAILROADS.—*Lease of Right of Way.—Stipulation Exempting Lessor from Liability for Fire.—Validity.—Statutes.*—A stipulation in a lease by a railroad company of a portion of its right of way to a private individual exempting the company from liability for damages to lessee's property by fire, is not void as being against public policy, and not in contravention of §5525a Burns 1914, Acts 1911 p. 186, making railroad companies liable for damages resulting from fire. p. 555.

From Vanderburgh Probate Court; *Elmer Q. Lockyear*, Judge.

Action by Fred Niederhaus against William J. Jackson, receiver of the Chicago and Eastern Illinois Railroad Company. From a judgment for defendant, the plaintiff appeals. *Affirmed*.

*Albert W. Funkhouser, Arthur F. Funkhouser, Simon L. Vandeveer* and *Robert D. Markel*, for appellant.

*John E. Iglehart, Charles O. Fowler* and *Edward C. Craig*, for appellee.

NICHOLS, C. J.—Action by appellant to recover damages of appellee for the destruction by fire of certain buildings with their contents belonging to appellant and located along and near appellee's railroad right-of-way.

The complaint is in two paragraphs. The first charges negligence of appellee in communicating the fire, the second that the fire was communicated by appellee's locomotive used in the operation of appellee's railroad, and undertakes to state a liability under Acts 1911 p. 186, §§5525a, 5525b Burns 1914, the second paragraph being without reference to negligence.

Appellee filed three paragraphs of answer, the first a denial, the third is not involved, and the second is in substance as follows:

On February 16, 1916, long previous to the date of the fire mentioned in the said complaint, appellant and appellee entered into a lease whereby appellee, with the Chicago and Eastern Illinois Railroad Company, leased to appellant a portion of the right of way of said company; that the lease was in existence and in full force and effect at the time of the said fire; that said portion of said right of way was leased as a location for an unloading platform to serve the grain elevator and business of appellant then existing on premises belonging to appellant adjacent to the said portion of the right of way so leased as aforesaid, and his said business generally, with all of the buildings described in the complaint; that there was constructed on the said portion of the said right of way so leased as aforesaid such unloading platform to serve said grain elevator and said business; that the same was used in conjunction with and as a part of said grain elevator; that connected to the said grain elevator were a warehouse, an oil-house, a barn and other buildings described in the said complaint all of which were also situated on appellant's premises adjacent to the said portion of the right of way so leased; that the portion of the said right of way so leased, and the unloading platform constructed thereon, were used by appellant in connection with the said grain elevator, warehouse, oil-house, barn, and other

buildings mentioned in the complaint; that the said grain elevator, warehouse, oil-house, barn and the other said buildings above referred to are buildings referred to in the complaint, which, with their contents were destroyed by fire on August 3, 1917, as set forth in the complaint; that the lease above referred to was in existence and in full force and effect on August 3, 1917, and among other things provided that, "In consideration of the privilege hereby given the Lessee to occupy and use a portion of the ground of the Railroad Company, as above described, and the benefits and privileges to be derived therefrom, and of the rental as above named, the Lessee hereby releases the Lessors, their successors and assigns, from all liability  *  *  *  either in law or equity, for or on account of any cause of action that might arise by reason of any damage by fire to the Lessee caused by the operation of the railroad of the Lessors on, near or by the premises aforesaid, whether said damages occur on the premises hereby leased or on premises adjacent thereto," etc.; that it is claimed in the complaint filed in this case that the said fire was set and communicated to said property of appellant therein described then on the portion of said right of way so leased and on the premises adjacent thereto by the operation of the railroad of the lessors on, near and by the premises so leased as aforesaid. Appellee says that if it did set fire to the said property it is not liable therefor, whether said damage occurred on said premises so leased as aforesaid, or on the premises adjacent thereto, and says that said damage, did occur on the said premises so leased as aforesaid, and on premises adjacent thereto, and this is all the loss and damage described in the complaint.

Appellant's demurrer to the said second paragraph of answer was overruled and appellant failing and refusing to plead further, the court adjudged that he take

nothing on his complaint, and that appellee recover of appellant his costs.

Appellant assigns as error in this court the court's action in overruling his demurrer to the said second paragraph of appellee's answer.

Appellee earnestly contends that appellant waived any error as to his demurrer to the second paragraph of answer by failing to present therewith a sufficient and definite memorandum as to his objections to the same, and that appellant has so far failed to follow clause 5 of Rule 22 of this court in the preparation of his brief as to fail to present any question for the consideration of this court. We have, however, examined the memorandum attached to the demurrer and we are of the opinion that the trial court was fully able to understand therefrom the objections to the second paragraph of answer which appellant attempted to present, and we further hold that appellant's brief shows a good faith effort to comply with said clause 5 of Rule 22 of this court, and, as but one question is presented, that of the error of the court in overruling appellant's demurrer to the second paragraph of answer, the appeal will be considered on its merits.

Appellant contends that the demurrer to the second paragraph of answer should have been sustained for the reason that the contract of release pleaded therein is void as it contravenes the public policy of the state as declared by §§5525a, 5525b Burns 1914, *supra,* and for the further reason that it attempts to release appellee from liability for future negligence. The general propositions stated by appellant to sustain his contention, while supported by authorities, do not reach the question here involved. Railroad companies are common carriers and as such cannot enter into contracts which contravene the rights of the general public, and which tend to injure the public, and as such are

against public policy. But while such companies may not, as common carriers, enter into contracts concerning duties which they owe to the general public, they may, as private carriers or bailees for hire, enter into special engagements as matters of accommodation concerning matters in which the public has no interest, but which concern only the contracting parties. *Louisville, etc., R. Co.* v. *Keefer* (1896), 146 Ind. 21, 44 N. E. 796, 38 L. R. A. 93, 58 Am. St. 348.

Where a railroad company is not acting in its capacity as a common carrier in the performance of a public duty, but is contracting to do something which it cannot be compelled to do, as a consideration for such a contract it can impose conditions therein releasing itself in advance from liability for damages resulting from negligence. *Louisville, etc., R. Co.* v. *Keefer, supra; Russell* v. *Pittsburgh, etc., R. Co.* (1901), 157 Ind. 305, 61 N. E. 678, 55 L. R. A. 253, 87 Am. St. 214; *Kelly* v. *Grand Trunk, etc., R. Co.* (1911), 46 Ind. App. 697, 93 N. E. 616; *Malott* v. *Weston* (1912), 51 Ind. App. 572, 98 N. E. 127; *Pittsburgh, etc., R. Co.* v. *Mahoney, Admr.* (1897), 148 Ind. 200, 46 N. E. 917, 47 N. E. 464, 40 L. R. A. 101, 62 Am. St. 503.

That a railroad company cannot against its will be compelled, even by statute, to permit private persons to erect and maintain elevators and similar structures for their own benefit upon the lands of the company has been frequently decided. *Missouri, etc., R. Co.* v. *Nebraska* (1894), 164 U. S. 403, 17 Sup. Ct. 130, 41 L. Ed. 489; *Hartford Fire Ins. Co.* v. *Chicago, etc., R. Co.* (1897), 175 U. S. 91, 20 Sup. Ct. 33, 44 L. Ed. 84. Nor can a railroad company be compelled to enter into a lease such as here involved of any part of its premises to a private individual. *Hartford Fire Ins. Co.* v. *Chicago, etc., R. Co., supra; Checkley* v. *Illinois, etc., R. Co.* (1913), 257 Ill. 491, 100 N. E. 944, 44 L.

R. A. (N. S.) 1127, Ann. Cas. 1914A 1202; *Osgood* v. *Central Vermont R. Co.* (1905), 77 Vt. 334, 60 Atl. 137, 70 L. R. A. 930; *Missouri, etc., R. Co.* v. *Carter* (1902), 95 Tex. 461, 68 S. W. 159. As it cannot be compelled to lease any part of its real estate to a private individual, and as it cannot be compelled to permit private persons to erect and maintain buildings thereon, it acts in its. private capacity and not as a common carrier when it voluntarily enters into a contract leasing its real estate to a private individual, and in so doing it may impose any conditions that it desires, and that the lessee is willing to accept, as a consideration for the voluntary leasing of its premises. In the instant case the money consideration for the lease was inconsiderable. The principal consideration expressed therein was the stipulation for exempting appellee from liability for damages occasioned by fire, and in this stipulation the public had no interest; that such a provision in a lease between a railroad company and another is a valid provision has been many times decided. *Griswold* v. *Illinois Central R. Co.* (1894), 90 Iowa 265, 57 N. W. 843, 24 L. R. A. 647; *Stephens* v. *Southern Pacific Co.* (1895), 109 Cal. 86, 29 L. R. A. 751, 41 Pac. 783, 50 Am. St. 17; *Mann* v. *Pere Marquette R. Co.* (1903), 135 Mich. 210, 97 N. W. 721; *Osgood* v. *Central Vermont R. Co., supra; Checkley* v. *Illinois, etc., R. Co., supra; Greenwich Insurance Co.* v. *Louisville, etc., R. Co.* (1902), 112 Ky. 598, 66 S. W. 411, 67 S. W. 16, 56 L. R. A. 477, 99 Am. St. 313; *Mansfield Mutual Ins. Co.* v. *Cleveland, etc., R. Co.* (1906), 74 Ohio St. 30, 77 N. E. 269, 6 Ann. Cas. 782. And such a provision is not in contravention of §§5525a, 5525b Burns 1914, *supra,* which are relied upon by appellant. *Mansfield Mutual Ins. Co.* v. *Cleveland, etc., R. Co., supra; Griswold* v. *Illinois Central R. Co., supra; Missouri, etc., R. Co.* v. *Carter, supra.* The lease is valid in its provisions for release of damages

to property both on the company's lands and on the lands adjacent thereto. *Mansfield Mutual Ins. Co.* v. *Cleveland, etc., R. Co., supra; Thirlwell* v. *Railway Co.* (1921), 108 Kans. 700, 196 Pac. 1068; *Missouri, etc., R. Co.* v. *Carter, supra; Carolina, etc., R. Co.* v. *Unaka Springs Lumber Co.* (1914), 130 Tenn. 354, 170 S. W. 591; *Equitable, etc., Ins. Co.* v. *St. Louis, etc., R. Co.* (1908), 134 Mo. App. 48, 114 S. W. 547.

We reach the conclusion that the provision releasing appellee from liability for damages from fire in the contract leasing a portion of appellee's right-of-way to appellant is not void as against public policy, and that it does not contravene the above statutes making railroad companies liable for damages resulting from fire. Having so concluded we hold that the demurrer to the second paragraph of answer was properly overruled.

Judgment affirmed.