ASSOCIATED RESOURCES CORPORA-
TION, a Corporation, John W.
Schwartz, Roger S. Miller, M. A. West,
Richard W. Satterlee, W. L. Gibson,
Wm. A. Kitchen, Marian E. Moulthrop,
Emeline M. Morris, Helen Louise Kas-
sebaum, C. C. Madison, Darrell A. Por-
ter, George E. Sauder, Delbert E. Moss-
man, Helen L. Vance, Emma L. Madi-
son, and Mary A. Kitchen, Appellants,

v.

HALLIBURTON OIL WELL CEMENT-
ING COMPANY, a Corpora-
tion, Appellee.

No. 15637.

United States Court of Appeals
Eighth Circuit.

Dec. 18, 1956.

Roger S. Miller and C. C. Madison,
Kansas City, Mo., for appellants.

J. D. James, Kansas City, Mo. (Robert
O. Brown, Robert E. Rice, Duncan, Okl.,
William S. Hogsett and Joseph R. Hog-
sett, Kansas City, Mo., were with him on
the brief), for appellee.

Before SANBORN, WOODROUGH
and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from a summary
judgment determining (1) that the plain-
tiffs (appellants) were entitled to noth-
ing upon their claim for $25,000 damages
for the alleged destruction of an oil well
asserted to be due to the negligence of
the defendant (appellee) in the perform-
ance of its contract for the cementing of
the well, and (2) that the defendant was,
upon its counterclaim, entitled to $264.05,
the amount the plaintiffs had contracted
to pay it as compensation for the use of
its equipment and service men in the ce-
menting of the well. Federal jurisdic-

tion is based on diversity of citizenship and amount in controversy.

The issues presented by the defendant's motion for summary judgment were: (1) whether a provision of the "Cementing Work Order"—which order evidenced the defendant's contract—that the defendant "shall not be liable or responsible for any loss, damage or injury to said well resulting from the use of such cementing equipment, or for the acts of any person engaged in doing such work on the above described well," was valid and enforceable; (2) whether George E. Sauder, one of the plaintiffs, who signed the "work order", had authority on behalf of his associates to hire the defendant to do the work; and (3) whether the plaintiffs were obligated to pay the defendant the amount specified in the contract to be paid for the use of the defendant's equipment and services.

The District Court concluded that none of the issues rose to the dignity of a genuine issue of fact, and that as a matter of law the defendant was not liable to the plaintiffs for damages, and that it was entitled to judgment against them for $264.05.

The facts which gave rise to this controversy are adequately and accurately stated by the trial court in its order for judgment. They need not be repeated.

■ The oil well in suit was located in Kansas. The contract in suit, dated May 29, 1954, was made and to be performed in Kansas. By its terms, the defendant rented cementing equipment to "Associated Resources, Owner, Operator or his Agent," and agreed to furnish men to deliver and operate the equipment, "under the direction, supervision and control of the well owner or his agent," for the cementing of the well. The "work order" made it clear that the work to be done by the defendant was to be done at the sole risk of the plaintiffs. It is reasonable to suppose that the exemption of the defendant from liability was reflected in the amount of its compensation for the work to be done. Compare, Sinclair

Refining Co. v. Stevens, 8 Cir., 123 F.2d 186, 192.

We agree with the District Court that the provision of the contract relieving the defendant of liability for loss or injury to the well was valid and effective both under the law of Kansas and the law generally applicable. Thirlwell v. Payne, 108 Kan. 700, 701, 196 P. 1068; Riddle Quarries, Inc., v. Thompson, 177 Kan. 307, 279 P.2d 266, 270 and cases cited; Santa Fe, Prescott & Phoenix Railway Co. v. Grant Brothers Construction Co., 228 U.S. 177, 192, 33 S.Ct. 474, 57 L.Ed. 787; Sinclair Refining Co. v. Stevens, 8 Cir., 123 F.2d 186, 189–190; Minneapolis-Moline Co. v. Chicago, M., St. P. & P. R. Co., 8 Cir., 199 F.2d 725, 729; Pennsylvania Railroad Co. v. Chesapeake & Ohio Railroad Co., 6 Cir., 229 F.2d 721, 729 and cases cited.

■ We find no merit in the plaintiffs' contention that the question of the authority of Sauder, who signed the "work order" on their behalf, presented a genuine issue of fact. Sauder was a part owner of the well, had supervised the drilling of it, and was in charge of operations at the leasehold where the cementing operation took place. He supplied the cement which was used, and had to do with directing the operation. It is enough to say that the showing made by the defendant in support of its motion for summary judgment was, in our opinion, sufficient to establish with adequate conclusiveness the implied authority of Sauder to engage the defendant to perform the cementing operation under the conditions specified in the "work order" and to obligate the plaintiffs to pay for the work.

■ The fact that the cementing of the well produced unfortunate results, if true, could not relieve the plaintiffs from the obligation to pay the defendant what they had agreed to pay. Their issuance of a check to the defendant for the work in the amount specified in the contract, even though payment was subsequently stopped, was a recognition of their contract obligation.

The case of Halliburton Oil Well Cementing Co. v. Millican, 5 Cir., 171 F.2d 426, upon which the plaintiffs place reliance, is of no help to them. That case involved the same kind of a "work order" but the work was done before the work order was signed, and there was a genuine issue of fact as to whether the work order was the contract under which the cementing operation was performed. The court said at page 429 of 171 F.2d:

"We agree with appellant: that there is no public policy which forbids parties as between themselves from contracting against liability and that if it was established by undisputed evidence that work in this case was contracted for on the terms of the work order and that the contract for the work was entered into by plaintiff with full knowledge of the exemptions from liability the work order contained, a verdict should have been directed for it. But we agree with appellee: that the evidence presented an issue of fact upon whether it was the agreement and upon whether plaintiff entered into it with knowledge of its terms exempting defendant from liability; and that it was not error to refuse a directed verdict on this ground. * * *."

In the instant case the "work order" was signed, before the work was done, by Sauder, who was shown to have authority to sign it on behalf of himself and his associates and to have been fully aware of its terms.

We have not overlooked the motion of the defendant to dismiss the appeal in this case as untimely. The judgment, we think, did not become final until the plaintiffs' motion to vacate it had been denied; hence the appeal was taken in time. See Leishman v. Associated Wholesale Electric Co., 318 U.S. 203, 205, 63 S.Ct. 543, 87 L.Ed. 714; United States v. Muschany, 8 Cir., 156 F.2d 196, 197; Payne v. Koehler, 8 Cir., 225 F.2d 103, 105.

The judgment appealed from is affirmed.