PHILCO CORPORATION, Rex Manufacturing Company, Inc., Manufacturers Mutual Fire Insurance Company, Aetna Insurance Company, Liverpool & London & Globe Insurance Co. Limited, Plaintiff-Appellants,

v.

The "AUTOMATIC" SPRINKLER CORPORATION OF AMERICA, Defendant-Appellee.

No. 14451.

United States Court of Appeals Seventh Circuit.

Oct. 1, 1964.

Rehearing Denied Nov. 2, 1964.

Erle A. Kightlinger, Indianapolis, Ind., Harry A. Wilson, Jr., Howard J. De-Trude, Jr., Indianapolis, Ind., Armstrong, Gause, Hudson & Kightlinger, Indianapolis, Ind., of counsel, for appellants.

Hugh E. Reynolds, Jr., Indianapolis, Ind., Hugh E. Reynolds, Indianapolis, Ind., Locke, Reynolds, Boyd & Weisell, Indianapolis, Ind., of counsel, for appellee.

Before SCHNACKENBERG, KNOCH, and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

The question we have to determine is whether the district court correctly construed a construction contract so as to deny damages which plaintiffs otherwise would have been entitled to recover in this action. Specifically, the question relates to certain provisions in the contract, which according to the district judge limited the time within which plaintiffs could assert a claim for faulty materials and workmanship. The following is a summary of the facts.

Plaintiff Rex Manufacturing Company, Inc., a subsidiary of Philco Corporation, operates a factory at Connersville, Indiana, where it manufactures refrigerators, air conditioners, and freezers which are sold by Philco.

In 1953 Rex engaged an engineering and architectural firm, Giffels and Vallet, Inc., to design an additional facility for its Connersville plant. Following the preparation of plans, specifications, and drawings by the architectural firm, Rex contracted with Freyn Bros., Inc., the principal contractor, for the construction of the new facility. In turn, Freyn Bros. contracted with "Automatic" Sprinkler Corporation of America for Automatic to install a fire protection system in the new structure. In performing the subcontract, Automatic placed under ground a ten inch cast iron water pipe. The district court found that a section of the pipe was defective because it had been "scored," that is partially cut, by an employee of Automatic. During the installation of the sprinkler system this

weakened piece of pipe was covered by five feet of earth. In April, 1954, installation of the sprinkler system was completed, and the work accepted and paid for by Rex.

In 1957 the defective pipe ruptured and water poured into Rex's building causing damages to merchandise in its warehouse and to its buildings in the amount of $173,714.19.

Rex was reimbursed for its damage by three insurance companies, plaintiffs Manufacturers Mutual Fire Insurance Company, Aetna Insurance Company, and Liverpool & London & Globe Insurance Co. Limited. These insurors, along with Philco and Rex, alleged the proper diversity requirements and brought the instant action to recover for damages caused by the defective pipe. They sought recovery in two counts, one in tort and the second for breach of contract.

Following a trial, the district court determined that Automatic was negligent in the installation of the pipe and that such negligence was the proximate cause of plaintiffs' damage. The court also determined that Automatic breached its contract in that it had supplied faulty material and workmanship. Recovery was denied, however, for the reason that no claim was made within a year follow-ing the final payment and acceptance by Rex of the work performed by Automatic.

Although noting only that the contract "construed as a whole" limits the time of liability, it would appear that the district judge based his decision on three clauses contained in the contract between Freyn and Rex, to which terms Automatic was bound by its subcontract with Freyn. These clauses are Articles 45, 47, and 53 [1] which, read together, prevent recovery by plaintiffs either for Automatic's negligence or its breach of contract.

■ Notwithstanding a finding of negligence, which we think the evidence supports, the district judge found that the liability for such negligence had been relieved according to the terms of the contract. Although the first paragraph of Article 47 imposes a responsibility for "any wrongful act or neglect," the second paragraph limits the period for making claims under the article to a reasonable time from the first observation of the damage and not later than the time of final payment, "except as expressly stipulated otherwise in the case of faulty work or materials." The exception is covered in Article 45 which treats of the "responsibility for negligence or faulty materials

---

1. "ARTICLE 45. CORRECTION OF WORK AFTER FINAL PAYMENT:

"Neither the final payment nor any provision in the Contract Documents shall relieve the Contractor of the responsibility for negligence or faulty materials or workmanship, and upon written notice, he shall remove any defects due thereto and pay for any damage to other work resulting therefrom, which shall appear within one (1) year after date of acceptance and final payment, unless otherwise noted in the Contract Documents.

"ARTICLE 47. DAMAGES:

"If either party to the Contract should suffer damage in any manner because of any wrongful act or neglect of the other party or of anyone employed by him, then he should be reimbursed by the other party for such damage.

"Claims under this clause shall be made in writing to the party liable within a reasonable time at the first observation of such damage and not later than the time of final payment, except as expressly stipulated otherwise in the case of faulty work or materials, and shall be adjusted by agreement.

"ARTICLE 53. GUARANTEE:

"In addition to the specific guarantees required by the Specifications for the work to be performed under this Contract, the Contractor shall furnish written guarantee of all the work to be performed under this Contract against defects in materials or workmanship for a period of one (1) year from date of final acceptance of the completed work by the Owner. Contractor shall, within a reasonable time after receipt of written notice thereof, make good any defects in materials or workmanship which may develop during said one year period and any damage to other work caused by such defects or the repairing of same, at his own expense and without cost to the Owner."

or workmanship" and limits this responsibility to a period of one year after the date of acceptance and final payment for the work. Thus, Rex specifically limited the period during which it could recover damages resulting from any negligence on the part of the contractors or subcontractors. Such contractual limitations on available remedies are permissible under Indiana law and are not considered contrary to public policy. Indemnity Insurance Co. v. Koontz-Wagner Electric Co., Inc., 233 F.2d 380 (7th Cir. 1956); Niederhaus v. Jackson, 79 Ind.App. 551, 137 N.E. 623 (1922).

■■ In addition to relieving Automatic of liability for negligence if no claims are made within one year after acceptance of the work, the contract terms similarly limit the responsibility for a breach of contract. By the guarantee drafted in Article 53, Automatic warranted its work against defects in materials or workmanship for a period of one year from the date of final acceptance of the completed work.

Plaintiffs argue that the remedies for faulty workmanship or defective materials covered by Articles 45 and 53 provide only additional remedies under the contract and are not exclusive; that these provisions do not affect common law remedies for tort or breach of contract when the contractor's dereliction is latent and not detectable by reasonable diligence; and that these common law remedies are limited in time only by the applicable statute of limitations.

To support their argument, plaintiffs refer to other provisions in the contract which provide, for example, that "all workmanship shall be of the best quality and all * * * materials * * * of the best grade," that the architect's supervision shall not relieve the contractor of responsibility for carelessness, that the owner's failure to discover materials which do not meet the specifications shall not constitute a waiver of the defects, and that final acceptance of the work by the owner shall not relieve the contractor from liability for defects and subspecification material.

The construction urged by plaintiffs is tortured, strained, and inconsistent with Articles 45, 47, and 53. We are convinced that the more logical construction of Articles 45 and 53, when read in the light of the entire contract, is to consider them as extensions of Article 47, that therefore they place an exclusive time limitation upon the filing of claims for negligent workmanship or defective materials, and that such filing is a prerequisite to bringing an action for damages. The provisions to which plaintiffs refer merely provide that certain acts do not constitute a waiver of the contractor's responsibility. Standing alone, these provisions do not affirmatively delineate any remedies. Rather, positive relief is provided only in Articles 45, 47, and 53 which limit such relief to claims filed within one year after acceptance of the work.

■■ Since the document was prepared by Rex's architects, any ambiguities in it must be construed in favor of Automatic. Under Indiana law, a contract will be construed most strongly against the drafting party. Wabash Life Insurance Company v. Hacker, 130 Ind. App. 342, 164 N.E.2d 666, 78 A.L.R.2d 755 (1960). Our reading of Articles 45, 47, and 53 persuades us that defendant offers a reasonable construction of the contract. It is not incumbent upon it as the non-drafting party to demonstrate that its construction is the only reasonable one possible. Thus the construction offered by defendant and adopted by the district judge, being a reasonable one, must govern in deciding the issue presented in this appeal.

The judgment is affirmed.

SCHNACKENBERG, Circuit Judge (dissenting).

Under the laws of Indiana and the facts appearing in this case, the cause of action sued upon consisted of two elements, i. e., a legal injury and resulting damages, and it did not accrue until the two elements came into existence and the damage was such as was *susceptible of ascertainment*. Gahimer v. Virginia-Carolina Chemical

Corporation, 7 Cir., 241 F.2d 836, 840. There is no question that the suit was filed soon after the damage was susceptible of ascertainment.

In the various escape-from-liability clauses relied upon by defendant in the case at bar there is no language which abrogates the conclusions which we reached in Gahimer and which are applicable to the case at bar. Unless we apply legal tests fitted to the factual situation here existing we will arrive at a harsh and unrealistic result. Hence I would reverse and remand this cause to the district court for further appropriate proceedings.