## 10433.   CATO *v.* SOUTHERN RAILWAY COMPANY.

1. A conductor on a Pullman car who is employed by the Pullman Company and who has " no responsibility for the running of defendant's [the railway company's] trains," but whose duty it is to " collect the Pullman fares and look after the Pullman Company's interest on said cars," is not an employee or passenger of the railway company when he, in the discharge of his duties as such conductor, is in a Pullman car which is being transported by the railway company over one of its lines, under a contract between it and the Pullman Company.

2. Under the ruling of the Supreme Court in this case, hereinafter set out, section 117 of the Penal Code of 1910, and sections 2779, 2780, 2782 to 2785 inclusive, 3131, and 3132 of the Civil Code of 1910, are not relevant to the issues raised by the pleadings.

3. As the special service which the railway company, under the contract attached to the petition, was to render to the Pullman Company, incident to which its conductor was to be carried in its cars while performing the services for which it employed him, did not pertain to the public duty resting upon the railway company as a common carrier, but arose solely from its contract with the Pullman Company, ratified by the conductor in his contract with the latter company, the contract was not void as being in contravention of public policy.

4. The judge of the superior court did not err in sustaining the demurrer and dismissing the case.

DECIDED APRIL 13, 1921.

Action for damages; from Twiggs superior court — Judge Kent. February 26, 1919.

*Reuben R. Arnold,* for plaintiff.

*Harris, Harris & Witman,* for defendant.

BLOODWORTH, J. The foregoing headnotes are based upon the answers of the Supreme Court (151 *Ga.* 308) to questions certified by this court, and will not be elaborated further than to give the questions certified and the answers thereto.

" Per Curiam. The Court of Appeals certified the following questions:

" T. F. Cato sued the Southern Railway Company, alleging,

in part, that he was in the employment of the Pullman Company as conductor; that 'he, as said Pullman conductor, had no responsibility for the running of defendant's trains, but only looked after the passengers in the Pullman car; and the plaintiff alleges that the defendant, under these circumstances, owed him the duty of extraordinary care;' that he was injured by a collision between two trains at Reids, on the line of said railway company between Jacksonville, Florida, and Atlanta, Georgia; that he was permanently injured; and the railway company was negligent in several particulars specified; and he prayed for damages. Plaintiff amended his petition, and attached thereto, as Exhibit A, a copy of an agreement signed by him and the Pullman Company, and prayed that 'the said instrument, in so far as the same may purport to relieve any corporation of its liability to plaintiff for its negligence, shall be declared by this court to be null and void.'

"The material portions of the contract, Exhibit A., signed by T. F. Cato, are as follows:

'Atlanta, Ga., July 6, 1907. Be it known, that I, the undersigned, hereby accept employment by, and enter into or continue from this date in the service of, the Pullman Company, upon the following express terms, conditions and agreements, which, in consideration of such employment and the wages thereof, I do hereby make with the Pullman Company, to wit:

'First: So long as I shall remain in said employment and service, I will fully comply with all regulations, rules, and orders of said company or its agents, issued for the government of its employees, go wherever I may be required in said service, and well, faithfully, and honestly perform all duties assigned to me.

'Second: My wages shall at all times be calculated and paid at the monthly rate per day for the number of days I shall have been actually employed, and I may quit or resign, or may be suspended or discharged from such employment, at any time or at any place, without previous notice.'

'Fourth: I assume all risks of accidents or casualties by railway travel or otherwise, incident to such employment and service, and hereby, for myself, my heirs, executors, administrators, or legal representatives forever release, acquit and dis-

charge the Pullman Company and its officers or employees, from any and all claims for liability of any nature or character whatsoever, on account of any personal injury or death in such employment or service.

'Fifth: I am aware that the said Pullman Company secures the operation of its cars upon lines of railroad; hence my opportunity of employment, by means of contracts wherein said The Pullman Company agrees to indemnify the corporation or persons owning or controlling such lines of railroad against liability on their part to the employees of said The Pullman Company in cases provided for in such contracts; and I do hereby ratify all such contracts made or to be made by said The Pullman Company, and do agree to protect, indemnify, and hold harmless said The Pullman Company with respect to any and all sums of money it may be compelled, or liability it may be subject to, under any such contract, in consequence of any injury or death happening to me; and this agreement may be assigned to any such corporation or person and used in its defense.

'Sixth: I will obey all rules and regulations made or to be made for the government of their employees by the corporation or persons over whose lines of railroad the cars of said The Pullman Company may be operating while I am traveling over said lines in the employment or service of said The Pullman Company; and I expressly declare that while so traveling I shall not have the right of a passenger with reference to such corporations or persons, which rights I do expressly renounce; and I hereby, for myself, my heirs, executors, administrators, or legal representatives, forever release and acquit or discharge any and all such corporations and persons from all claims for liability of any nature or character whatsoever, on account of any personal injury or death to me while in said employment or service.'

" To the petition as amended a demurrer was filed, and upon a hearing thereof the following order was passed: 'Demurrer sustained, and the plaintiff's petition dismissed.' To this order the plaintiff excepted. Copies of all the pleadings are in the record. The Court of Appeals wishes to know:

" 1.   Under the contract, a copy of which is attached to

the amended petition and marked Exhibit A, (*a*) What relation did the Pullman conductor sustain to the railway company? (*b*) What diligence did the railway company owe the Pullman conductor?

"2. Is the said contract 'in its essence a contract between master and servant'?

"3. Is the contract 'in effect a contract by which the carrier undertakes to relieve itself from the consequences of the negligence of itself and servants'?

"4. Is said contract null and void, or is it a bar to the plaintiff's right to recover, under all of the allegations in the petition?

"5. Did the court err in sustaining the demurrer and dismissing the plaintiff's petition?"

"1. The Pullman conductor was not an employee or a passenger of the railway company. The relation he sustained to that company was entirely contractual, under the special terms of the contract. The special service which the railway company wa.., under the contract, to render to the Pullman Company, incident to which its conductor was to be carried in its cars while performing the services for which it employed him, did not pertain to the public duty resting upon the railway company as a common carrier, but arose solely from its contract with the Pullman Company, ratified by the conductor in his contract with the latter company. Baltimore & Ohio &c. Ry. Co. *v.* Voight, 176 U. S. 498 (20 Sup. Ct. 385, 44 L. ed. 560), and cases cited; Denver etc. R. Co. *v.* Whan, 39 Colo. 230 (89 Pac. 39, 11 L. R. A. (N. S.) 432, 12 Ann. Cas. 732, and numerous cases collated in the notes to the principal case in the last two reports); Hughson *v.* Richmond R. Co., 2 App. D. C. 98.

"2. The foregoing ruling covers in substance the questions certified by the Court of Appeals, except those numbered 4 and 5, which are not such as this court is required or authorized to answer, under the law authorizing the Court of Appeals to certify questions to the Supreme Court; as was ruled in the case of *English* v. *Rosenkrantz*, 150 *Ga.* 817 (105 S. E. 613)."

*Judgment affirmed. Broyles, C. J., disqualified. Luke, J., concurs.*