MISSOURI PACIFIC RAILROAD COMPANY v. FUQUA.

Opinion delivered October 10, 1921.

1. CARRIERS.—NEGLIGENCE.—Where there was evidence from which the jury might have found that employees of defendant in charge of its parcel room were negligent in not taking steps to save plaintiff's suit case from destruction in a fire which destroyed defendant's depot, a finding of negligence on defendant's part will not be set aside as unsupported by evidence.

2. CARRIERS—LIABILITY FOR LOSS OF GOODS STORED.—The language of a contract providing that "the carrier will not be responsible for loss, damage or detention of articles left in storage for any amount in excess of $25" is broad enough to limit the carrier's liability for loss on any account, including loss by fire.

3.  Warehousemen—limitation of liability.—A warehouseman
    may limit his liability to an agreed value of the article received
    where the rate charged is based upon the value of the article.

Appeal from White Circuit Court; *J. M. Jackson,*
Judge; modified and affirmed.

*Ponder & Gibson* and *Thomas B. Pryor,* for appel-
lant.

The appellant is only liable to ordinary care as a
warehouseman. 27 R. C. L. Sec. 53; 136 Am. Rep. 243; 6
Am. St. Rep. 602; 1 Am. St. Rep. 76.  It is not an in-
surer of goods in its care and not liable for their loss by
accidental fire.  32 Ark. 225; 42 Ark. 200; 21 Ark. 560;
52 Ark. 30; 97 Ark. 288; 90 Ark. 260; 24 Am. Dec. 143;
40 Cyc. 432.

It must be shown by the proof that there was negli-
gence on the part of appellant or its servants.  27 R. C. L.
Sec. 53; 49 Am. Rep. 430; 35 Am. Rep. 263; 24 L. R. A.
(N. S). 1117; 61. Am. Dec. 423.

When a contract is based upon a consideration, a
stipulation reducing the amount of liability is valid. 83
Ark. 502; 108 Ark. 115; 110 Ark. 612; 227 U. S. 639; 68 S.
E. 289; 18 L. R. A. (N. S.) 295.

The owner is bound by the conditions printed on the
check, although he failed to read them. 12 C. B. N. S. 75;
17 L. T. N. S. 469.

*Brundidge & Neelly,* for appellee.

Appellant was guilty of negligence in failing to re-
move baggage which was uncalled for by the owner.

Liability by reason of the negligence of appellant
cannot be limited, even though the contract contained
this provision.  90 Ark. 258 and cases cited.

Humphreys, J.  Appellee instituted suit against ap-
pellant in the White Circuit Court to recover $300 for a
suitcase and its contents, alleged to have been destroyed
by fire on the 7th day of April, 1920, through the negli-
gence of appellant in failing to remove it after discover-
ing that its depot at Little Rock was on fire.

Appellee filed an answer, denying the material alle-
gations of the complaint, but pleaded in the alternative

that, should appellee be permitted to recover the amount, it should be limited to a maximum of $25, as per stipulation in the check issued to him when he left the suitcase in storage.

The cause was submitted upon the pleadings, evidence and instructions of the court, which resulted in a verdict and judgment in favor of appellee for $150, from which judgment is this appeal.

The record reflects that appellee, en route to Oklahoma, remained in Little Rock over night. He checked his suitcase in the parcel room of appellant, and, upon payment of ten cents, received a parcel stub check containing the provision that appellant "will not be responsible for loss, damage or detention of articles left in storage for any amount in excess of $25." There was an outside door and window to the checking room, and a chute to the basement. The depot was destroyed that night by an accidental fire, which started about 8 o'clock. The employees in the checking room were driven out by the fire within thirty minutes after it started. There were three employees in the room, who busied themselves finding and delivering parcels to those who called for them in person. About one hundred parcels were saved by delivering in this way to those who rushed to the room. About fifty parcels were left in the room and burned. No effort was made by any of the appellant's three employees in the room to save the uncalled-for parcels, among which was appellee's suitcase. The employees said they were busily engaged the entire time before leaving the building in getting parcels to those who applied in person for them; also that, had they thrown the parcels out, some one would have carried them off, as they could not have gotten a reliable person to watch them; also that, had they carried any of them out, the police force and firemen would not have permitted them to return to the building. During the fire, employees in the basement were engaged in removing parcels to a safe place.

It is contended by appellant that, in the exercise of ordinary care, it could not have prevented the destruction of the suitcase and its contents. We think there is some substantial evidence tending to show otherwise. No effort whatever was made to save the parcels of those who did not call for them. Three employees were in the room, and they devoted their entire time to handing out parcels to those who called for them, spending frequently a minute in searching for the particular parcel. The jury might well have concluded that all the parcels might have been saved had they gotten them out and searched out the particular parcels and delivered them later. All might have been thrown down the chute where other employees were engaged in carrying the parcels to a place of safety from the basement; or the parcels might have been thrown through the door or window to a safe place on the outside. One of the employees might have guarded them on the outside while the other two removed them from the checking room. We think the evidence sufficient to sustain the verdict.

It is also contended by appellant that the court committed error in permitting a recovery in excess of $25. Appellee contends otherwise, insisting, first, that the contract makes no attempt to exempt appellant or limit its liability by reason of negligence; second, that appellant could not limit its liability growing out of its own negligence.

(a) We think the contract broad enough to limit appellant's liability on any account. The language of the contract is: "The carrier will not be responsible for loss, damage or detention of articles left in storage for any amount in excess of $25." It is broader than the language used in the *Gulf Express Co.* v. *Harrington,* 90 Ark. 258.

(b) A warehouseman may limit his liability to an agreed value of the article received, where the rate charged is based upon the value of the article. This character of contract does not contravene the principle

that one cannot contract for exemption or limitation from liability on account of his own negligence. The rule is stated in keeping with the principle announced in *K. C. S. R Co.* v. *Carl,* 227 U. S. 639.

The judgment is therefore reversed and modified by a reduction in the amount to $25.