## FIDELITY UNION LIFE INS. CO. v. FINE.

### No. 2014.

Court of Civil Appeals of Texas. Waco.

June 23, 1938.

Rehearing Denied Oct. 13, 1938.

Thompson, Knight, Baker, Harris & Wright and James E. Henderson, all of Dallas, for appellant.

Emil Corenbleth, of Dallas, for appellee.

GEORGE, Justice.

This is a suit by Louis Fine, trading as Louis Fine Company, lessee, the appellee, against Fidelity Life Insurance Company, lessor, the appellant, for damages suffered by him as the result of water flowing over some of his property from a burst rubber gasket. Trial was had to the court without a jury and judgment rendered for appellee; hence this appeal by appellant.

Appellant is the owner of the Wholesale Merchants Building in Dallas, an eight

story building, and appellee was the tenant of a portion thereof under a written lease containing the following pertinent provisions, to-wit:

"That lessor likewise agrees for the consideration herein specified to furnish lessee while occupying said premises, water, light, elevator service and heat in season, during reasonable office hours, and janitor service in corridors and toilets only, but lessor shall not be liable for any stoppage of either of said services caused by accident, or for stoppage for needed repairs or improvements, provided lessor uses reasonable diligence to resume said service and provided that lessor shall, so far as practicable, make the necessary repairs to continue said service after regular office hours. * * *

"5. That lessor shall not be liable to lessee or lessee's employees or visitors for any damage to persons or property due to the building or any part or appurtenance thereof being improperly constructed or being or becoming out of repair, or arising from the leaking of gas, water, sewer or steam pipes, or from electricity, but that lessee accepts said premises as suitable for the purposes for which the same are leased, and accepts the said building and each and every appurtenance thereof and waives defects therein."

The trial court made the following material findings of fact: That appellee occupied space on the ground floor and basement; that Arend Company, under a lease containing also the above mentioned provisions, occupied a portion of the building on the second floor directly above appellee, on which floor there was situated a basin on the south wall thereof; that about midnight of May 1, 1936, a leak sprang in the pipe directly below the wash basin and that water came from said leak in large quantities and damaged merchandise of appellee; that the leak in said pipe was caused by the rotten and worn condition of a rubber gasket therein; that the failure of appellant to discover the rotten and worn condition of such gasket was negligence and such negligence was the proximate cause of the damages; that appellant failed to have said pipes inspected and that such failure was negligence and such negligence was the proximate cause of the damages; that appellant failed to discover, after inspection, the defects in said rotten and worn rubber gasket and such failure was negligence and

that such negligence was the proximate cause of the damages; and that Arend Company did not at any time make any specific complaint to the defendant about any leaks from the particular gasket that finally blew out.

The question of law presented is whether, under the lease provisions above quoted, appellant was exempted from liability for the damage caused by the negligence of its agents in failing to inspect and in failing to discover after inspection the defective condition of the gasket which blew out. Appellee contends, first, that the above mentioned section 5 of the contract is void in that same is contrary to public policy; second, that the above mentioned two provisions of the contract when taken together render the contract ambiguous and uncertain; third, that paragraph 5 above mentioned does not exempt appellant from the damage occasioned by the negligence of its agents in failing to inspect and in failing to discover after inspection the defective condition of the gasket located on premises occupied by a tenant other than appellant.

Appellee's first contention has been answered heretofore by our Supreme Court in the case of Missouri, K. & T. R. Co. v. Carter, 95 Tex. 461, 68 S.W. 159, wherein the court, speaking through Judge Brown, said [page 164]:

" 'It must not be forgotten that you are not to extend arbitrarily those rules which say that a given contract is void as being against public policy, because, if there is one thing which more than another public policy requires, it is that men of full age and competent understanding shall have the utmost liberty of contracting, and that their contracts, when entered into freely and voluntarily, shall be held sacred, and shall be enforced by courts of justice. Therefore you have this paramount public policy to consider: That you are not lightly to interfere with this freedom of contract.' The power to make contracts is too valuable a right to be lightly swept away under the general declaration that such contracts are contrary to public policy, and we must come to some definite point of understanding what the public policy offended against consists of. * * *"

This contract does not purport to relieve appellant from liability for failure to repair the water pipes or any other portion of the building within a reasonable time after notice of any defects or any portion

becoming in need of repair; but it does appear from an examination of the contract itself, the evidence and the findings of the court that it was the purpose of appellant in preparing and executing contracts of this character with its tenants to exempt itself from all liability resulting from damage to their property by water whether occasioned by leaking of pipes or any portion of the building becoming out of repair. In ascertaining the meaning of the above mentioned provisions and the contract as a whole, we must construe the language thereof in connection with the entire instrument and in the light of the circumstances in which it was made. When we have done this, there does not appear to be any ambiguity or uncertainty in the contract, and it is apparent that appellant in preparing similar contracts for all of its tenants intended to and did clearly exempt itself from liability for damage occasioned to its tenants' property by its agents and employees failing to inspect and failing to discover defects in any portion of its building and the water pipes therein. Missouri K. & T. R. Co. v. Carter, supra; Fera v. Child, 115 Mass. 32; Cannon v. Bresch, 307 Pa. 31, 160 A. 595; J. W. Grady Co. v. Herrick, 288 Mass. 304, 192 N.E. 748; Inglis v. Garland, 19 Cal.App.Supp.2d 767, 64 P.2d 501; Cincinnati, N. O. & T. P. R. Co. v. Saulsbury, 115 Tenn. 402, 90 S.W. 624, 5 Ann. Cas. 744.

The judgment of the trial court is reversed and judgment is here rendered that appellee take nothing by its suit against appellant.