LOUISE E. BARRETT *vs.* ARAM KARNEY CONRAGAN.

Middlesex.   November 4, 1937. — December 29, 1938.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Contract*, Validity, For exemption from liability.   *Fraud.   Negligence*, Contractual limitation of liability.

On evidence that a customer of a hair dressing establishment signed, without being given "a chance to read it," a card in which she purported to agree that she would not hold the proprietor responsible for injury sustained in the service to be rendered, and that she was induced to sign by representations of an attendant, who was "in a hurry," that the signature was sought merely to keep a record of customers, a finding was warranted that the signature was procured by fraud rendering the agreement invalid.

TORT.   Writ in the Second District Court of Eastern Middlesex dated September 1, 1936.

There was a finding for the plaintiff in the sum of $200 by *Duane*, J., whose report to the Appellate Division for the Northern District was ordered dismissed.   The defendant appealed.

*D. H. Boyajian*, for the defendant.

*W. J. Walsh, Jr.*, for the plaintiff, submitted a brief.

DONAHUE, J.   The plaintiff, while receiving a treatment of her hair, described in the record as a "permanent wave," at the defendant's place of business, suffered a burn.   (See *Gavin* v. *Kluge*, 275 Mass. 372.)   At the trial of her action brought in a district court to recover damages for her injury, the judge found for the plaintiff and reported his rulings and his refusal to give certain requested rulings, to the Appellate Division, where an order was entered dismissing the report.

It is not contended by the defendant that the evidence did not warrant a finding that the plaintiff's injury was caused by negligence of the defendant's agent who gave the treatment, or that the plaintiff failed to exercise proper care.   The contention is, that before the treatment was

given, the plaintiff signed an agreement relieving the defendant from liability in damages for any injuries she might receive during the treatment and that she is thereby barred from recovery in this action.

There was in evidence a card signed by the plaintiff at the time of her application for hair treatment on the day of her injury, which bore the following printed words: "I the undersigned hereby agree that in consideration of the free services to be rendered to me by Hub Academy [which was the name under which the defendant conducted his business] or their respective agents or students, I shall not hold either or any of them, individually or collectively, responsible for injuries that may be sustained by me in consequence of such services." The plaintiff's testimony as to the circumstances attendant on her signing of the card is here summarized. When she applied for a treatment on the day she received injury an attendant in the office of the defendant requested her to sign a card. The attendant, who "was in a hurry," said: "We want names and addresses of our customers and we keep a record of names and addresses of our customers." The plaintiff was not given "a chance to read it." She had received similar treatments at the defendant's place of business on several prior occasions and each time had signed a card. She did not read those cards because on the first occasion she was told by the attendant that the card was merely for the records and she took the attendant's word for it. She did not read the printed words which were on the card she signed on the day she received injury. The plaintiff also testified that she paid in advance $1.50 for the treatment given on that day.

The plaintiff could make a valid contract exempting the defendant from liability to her for injuries resulting from the negligence of himself or of his agent or employee. *Clarke* v. *Ames*, 267 Mass. 44, 47. *Ortolano* v. *U-Dryvit Auto Rental Co. Inc.* 296 Mass. 439, 441. The question here presented is whether there was evidence to warrant a finding that words or conduct of the defendant's agent at the time the card was signed constituted fraud which

would now permit the plaintiff to avoid the effect of the exemption agreement there expressed.

The mere facts that the plaintiff did not read the contents of the card and that the defendant's agent did not read them to her would not afford a basis for the plaintiff's later avoidance of the agreement. *McNamara* v. *Boston Elevated Railway*, 197 Mass. 383, 385, 386. The evidence here went beyond that. It warranted a finding that the defendant's agent made a material statement as to the effect and purpose of signing the card, which was a false statement, *Rocci* v. *Massachusetts Accident Co.* 222 Mass. 336, 345; *Barry* v. *Mutual Life Ins. Co.* 211 Mass. 306, 310, that it was made for the purpose of inducing the plaintiff to sign, *Costello* v. *Hayes*, 249 Mass. 349, 355, and that it did in fact so induce the plaintiff. *Wax* v. *McGrath*, 255 Mass. 340, 345. The transaction, as the plaintiff was justified in believing, involved only the payment of $1.50 by her, and the giving of the specified treatment of her hair by the defendant's agents. No money passed to her and the transaction was not one where the giving of a receipt or release would ordinarily be expected. It could not rightly have been ruled as matter of law that the plaintiff was negligent in relying on the representation as to the effect of signing the card. *Freedley* v. *French*, 154 Mass. 339, 342. The question whether there was fraud in the obtaining of the plaintiff's signature was one of fact. *Fournier* v. *Holyoke Street Railway*, 258 Mass. 257, 261.

*Order dismissing report affirmed.*