J. P. DAVIS and J. I. HARRIS v. D. L. STRINE, *et al.*

191 So. 451
Division A
Opinion Filed December 8, 1939

H. G. *Stephenson* and A. *Summerlin,* for Appellant;

P. R. *Porter,* for Appellees.

TERRELL, C. J.—Appellees owned an orange grove in Polk County on which appellants held a mortgage for $15,000.00. Appellee, D. L. Strine, applied to the Federal Land Bank of Columbia for a loan to discharge said mortgage and was advised that $10,000 was the largest commitment it would make a loan on this grove.

Thereafter Strine and appellants entered into an agreement whereby the mortgage was scaled down $5,500 for which Strine and his wife gave appellants their notes secured by a mortgage on other lands and said sum of $5,500 was credited to the original mortgage. The application for the Federal Land Bank loan was renewed and was effected. The scale down agreement contained the following:

"The undersigned has no understanding or agreement with the said applicant (s) or anyone acting for him or them that the undersigned is to be paid an additional amount upon said indebtedness, directly or indirectly, in cash or otherwise, or that the undersigned will be given any security or evidence of indebtedness, and the undersigned will not accept payment in cash or any evidence of indebtedness of or security for the difference between the total amount of said indebtedness and the amount herein agreed to be accepted in full settlement thereof."

Strine, failing to meet payments on his mortgage and

notes for $5,500, appellants as complainants brought this suit to foreclose. Defendants answered the bill to foreclose in which they interposed the defense that the notes and mortgage sued on were void as in violation of public policy and should be cancelled of record. Evidence was taken and the chancellor decreed accordingly. The notes and mortgage were cancelled. This appeal is from the final decree.

The question for determination is whether or not the mortgage and notes involved in the scale-down agreement, now being foreclosed, were void as against public policy.

The contention of appellees, defendants below, was that after the application to the Federal Land Bank for the loan was made, any act committed by appellants relating to the transaction was one affecting public policy and was void. It is also contended that the scale down agreement was in contravention of the policy of the government in making such loans and was void.

Whether or not acts are void as against public policy depends on the character of the act and the good faith of the actors. The record in this case does not show any attempt on the part of the parties hereto to deceive the Federal Land Bank. The application for the loan was made in June, 1934. In October following, before the scale down agreement was signed, it was agreed that the debt on the grove offered as security should be reduced $5,500, same to be evidenced by new notes and mortgages on other lands belonging to the borrower not listed in assets to Federal Land Bank. The scale down agreement was recorded promptly and was of record eight months before the loan was made so the Federal Land Bank was on notice of the agreement.

It is not contended that any federal or state law was

violated by the scale down agreement. It is contended that it was contrary to the policy of the Federal Land Bank in making loans. For all the record discloses, the scale down agreement was openly made and was made for the purpose of reducing the mortgage to bring it within the scope of the loan that the Federal Land Bank would make. There was no attempt whatever to defraud or to deceive. The parties were capable of contracting and the contract was a lawful one.

Every instrument pertaining to the transaction was on record or otherwise available to all the parties and the lands described in the instant mortgage were different from those described in the Federal Land Bank mortgage. The same contract between individuals would be enforced and the Federal Land Bank is in no different situation.

Public policy or what constitutes public policy is a matter of legislative determination; it is embraced in the Constitution, legislative acts and judicial decision (A. C. L. Co. v. Beazley, 54 Fla. 311, 45 So. 761), and while individuals and public boards may have a policy of their own with reference to business transactions, they have not the power by such policy to restrict ones liberty of contract so long as he acts within the law.

This being our view, the judgment below is without support in law and is therefore reversed.

Reversed.

BUFORD and THOMAS, J. J., concur.

BROWN, J., concurs in opinion and judgment.

Justices WHITFIELD and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.