RINGLING BROS.-BARNUM & BAILEY COMBINED SHOWS, Inc., v. OLVERA et al.

AL. G. BARNES AMUSEMENT CO. v. SAME.

No. 9594.

Circuit Court of Appeals, Ninth Circuit.

May 2, 1941.

Combs & Murphine, of Los Angeles, Cal., for appellant Ringling Bros-Barnum & Bailey Combined Shows, Inc.

Arthur Garrett, of Los Angeles, Cal., for appellant Al. G. Barnes Amusement Co.

David Marcus, of Los Angeles, Cal., for appellee.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

These are consolidated appeals from a judgment upon a verdict awarding damages to America Olvera, hereafter called Olvera, for injuries to her while performing as a trapeze artist, against each of two circus corporations, Ringling Bros.-Barnum &

Bailey Combined Shows, Inc., hereafter called Ringling, and Al. G. Barnes Amusement Company, hereafter called Barnes.

Olvera, in Florida, entered into a contract with Ringling by which she agreed, as an independent contractor, to give her performances as a trapeze artist in Ringling's and other circuses. Among other agreements it provides that Ringling "by agreement reserves the right to transfer and place the artist during the term or part term of this contract, with any other of *its* shows or circuses—under its ownership or *management* all the terms and conditions of this contract continuing, prevailing and obtaining."

Appellants admit that the stock control of both circuses was in a common trust, though each has an independent corporate existence. In connection with this admission there is evidence from which the jury properly could infer that Ringling placed Olvera with Barnes; that Barnes' circus was one of "its", Ringling's, circuses within the meaning of the above agreement; that it was under the management of Ringling at the time Olvera received her injuries in one of Barnes' performances; and that they were caused by either the gross negligence or the ordinary negligence of Barnes' employees while so under Ringling's management.

Olvera further agreed:

"8. The Artist represents that his act with the apparatus used is an ingenious creation of his own; that the 'act' by reason of the Artist's skill constitutes a 'feature' performance and is the consideration for this contract; that the Artist is familiar with conditions that obtain in the circus business; that he recognizes the necessity for safety of apparatus, and timely presentation of his act.

"The Artist shall furnish and maintain in first-class condition at his expense all paraphernalia and equipment. The Artist constructs and presents his act with personnel of troupe under his exclusive control and supervision in all particulars. The Artist assumes exclusive supervision regarding inspection of the act and premises, and agrees to keep the premises safe, warrants that all persons appearing or practicing in the act are conversant with and suitably fitted for same."

There was evidence from which the jury could infer that Barnes had assumed those incidents of Olvera's act which consisted of furnishing and "maintaining" parts of its "equipment" and "apparatus", namely, the trapeze on which she performed and a net and persons to maintain it beneath her trapeze to catch her in safety in the event of an untimely fall; and that there was either gross or ordinary negligence in setting up and maintaining the trapeze whereby her fall was occasioned, and on the part of the net holders in failing to hold it under her, causing the injuries and the damages to her for which the jury gave its verdict.

Were these all of the contract provisions involved, the judgment would have to be sustained.

Appellants complain of the lower court's refusal to give the following instruction concerning a clause of the contract providing that Olvera agreed that she "accepts all risks incident to the business":

"Instruction No. 14. In this case if you believe from the evidence that the plaintiff at or before the time of the injury knew and appreciated the danger and peril of the work in which she was engaged at the time of the injury and understood the same, and then chose to engage in the work which exposed her to such perils and danger, she cannot recover, and in determining the question whether or not the plaintiff knew, appreciated and understood the perils and danger of the work in which she was engaged, you will consider the evidence as to plaintiff's age and mentality, and as to her previous experience with a trapeze or similar apparatus, and all other evidence bearing upon said issue."

The instruction was properly refused. Olvera might recover though she knew the danger and peril of the work she was engaged in and chose to accept them, unless the danger and peril were the proximate cause of her injuries. The requested instruction is fatally defective because not containing some such words after the words "she cannot recover" as "if her injuries were caused by such danger and peril."

Appellants contend that the construction of the contract terms, both as to initial validity and as to performance, is governed by the law of Florida, and that the Florida law requires a construction of a provision of the contract, hereafter considered, to the effect that appellants are not liable for ordinary negligence but only for "gross, willful or criminal negligence." It is hence urged that the court erred in refusing to give the following instruction:

"Instruction No. 1–A. You are instructed that the burden of proving her case rests upon the plaintiff, and that in order to recover against the defendants, or either of them, the plaintiff must establish by preponderance of the evidence that said defendants were guilty of gross negligence and that such negligence on the part of the defendant was a direct and proximate cause of the injury to the plaintiff.

"Gross negligence is different from and greater than ordinary negligence. Gross negligence has been defined as want of slight diligence, as an entire failure to exercise care, or the exercise of so slight a degree of care as to justify the belief that there was an indifference to the things and welfare of others, and as that want of care which would raise a presumption of the conscious indifference to consequences."

The injuries to Olvera occurred in a performance while the circus was traveling through Kansas. At the pretrial conference it was stipulated that Florida was the place of making of the contract and the stipulation made a part of the pretrial order. This pretrial stipulation is binding unless modified at the trial (Federal Rules of Civil Procedure, rule 16, 28 U.S.C.A. following section 723c). At the trial there was evidence from which it could be inferred that the contract was executed in Texas, but the order was not modified and we hold the stipulation is binding.[1]

This suit was commenced in the Superior Court of the State of California and from there removed to the United States District Court for the Southern District of California. The contract does not indicate any state in which it is to be performed and the rule that, in such a case, the law of the place of making controls its interpretation is well stated by the Civil Code of California, here the law of the forum: "§ 1646. A contract is to be interpreted according to the law and usage of the place where it is to be performed; or, if it does not indicate a place of performance, according to the law and usage of the place where it is made."

The contract itself provides that the law of Florida shall control its interpretation: "10. The place of this contract, its status or forum is at all times Sarasota County Florida. That in said county and State of Florida shall all matters whether sounding in contract or in tort relating to the validity, constructions, interpretation and enforcement of this contract, be determined."

Here is a contract to perform in one or more circuses traveling from state to state. It was competent for the parties, even if the law of the forum was different, to agree upon and fix the law controlling all the liabilities and obligations of the parties with regard to performance as that of the state of the contract's execution, and not have it constantly shifting as the circus wandered from one jurisdiction to another.[2]

The provision of the contract which, under the Florida law, appellants claim exempts them from their ordinary negligence, is: "12. Now, Therefore, for valuable consideration, the Artist for himself and the persons comprising his troupe does hereby release and discharge the Show, their members, agents and servants and any transporting railroad company handling the Show's circus train movements, of and from claims, demands, causes of action, damages, liabilities or things whatsoever growing out of any injury or accident to the person and/or property of the Artist in any transaction whatsoever during the period of performance under this contract and that the Artist for himself and the personnel of his troupe accepts all risks incident to the business, and assumes responsibility as an independent contractor which condition constitutes the essence of this contract."

It will be noted that negligence is not mentioned as an excepted liability. Appellees claim the provision is so broad that it cannot be deemed to exempt the appellants from any sort of liability. There is not cited, nor are we able to find, any Florida case construing such a provision. However, the common law prevails in Flor-

---

[1] See footnote infra showing the identity of the law of Texas and Kansas with that of Florida on the interpretation of the pertinent contract provisions.

[2] Boseman v. Insurance Co., 301 U.S. 196, 202, 203, 206, 57 S.Ct. 686, 81 L.Ed. 1036, 110 A.L.R. 732; Seeman v. Philadelphia Warehouse Co., 274 U.S. 403, 407–409, 47 S.Ct. 626, 71 L.Ed. 1123;

Pritchard v. Norton, 106 U.S. 124, 136, 1 S.Ct. 102, 27 L.Ed. 104; Clark v. Gibbs, 5 Cir., 69 F.2d 364, 365; Bertonneau v. Southern Pac. Co., 17 Cal.App. 439, 443, 120 P. 53; Palmer v. Atchison, etc., R. R. Co., 101 Cal. 187, 195, 35 P. 630; Cf. Owens v. Hagenbeck-Wallace Shows Co., 58 R.I. 162, 192 A. 158, 163, 164, 112 A.L.R. 113, 121, 122.

ida.[3] The United States Supreme Court, in determining the common law with regard to such agreements, before Erie Railway v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, has held that, though negligence is not mentioned in the exempting clauses, such broad provisions going to the essence of liability as "all risk of loss or damage", "at consignee's risk of loss and damage", "all risk of accident to person and baggage", and "no obligation or risk in case of accident or damage to men and supplies" relieve from liability for ordinary negligence a railroad company contracting in its private and not public service capacity. Santa Fe Ry. v. Grant Bros. Const. Co., 228 U.S. 177, 188-194, 33 S.Ct. 474, 478, 57 L.Ed. 787.[4]

In Florida prevails an almost complete survival of the common law freedom of contract.[5] It is clearly inferable from the language of the Florida supreme court in Atlantic Coast Line Ry. v. Beazley, 54 Fla. 311, 45 So. 761, 770, 787, that Florida has no public policy against contracts exempting railways from liability for negligence even to their railway employees,[6] apart from a specific statute, that court stating: "All parties litigant who are sui juris, whether railroad corporations or their employes, in the eyes of the law, before the courts stand upon an equal footing, entitled to equal rights and protection, and none to special privileges. In no sense of the word can railroad employes be said to be wards of the court, nor would they wish to be so regarded. * * * It may well be that plaintiff made a rather hard bargain with defendant; but with that we have nothing to do, so long as no fraud or deception was

---

[3] Cummer Lumber Co. v. Silas, 98 Fla. 1158, 125 So. 372, 374; Co-operative Sanitary Baking Co. v. Shields, 71 Fla. 110, 70 So. 934; Ingram-Dekle Lumber Co. v. Geiger, 71 Fla. 390, 71 So. 552, 554, Ann.Cas.1918A, 971.

[4] Accord: Robinson v. Baltimore & Ohio R. R. Co., 237 U.S. 84, 35 S.Ct. 491, 59 L.Ed. 849; New York Cent. Railroad Co. v. Lockwood, 17 Wall. 357, 21 L.Ed. 627; Long v. Lehigh Valley R. Co., 2 Cir., 130 F. 870; McCormick v. Shippy, 2 Cir., 124 F. 48; Chicago, etc., R. Co. v. Wallace, 7 Cir., 66 F. 506, 30 L.R.A. 161; World's Columbian Exposition Co. v. Republic of France, 7 Cir., 96 F. 687, 694, 695; Bates v. Railroad Co., 147 Mass. 255, 17 N.E. 633; Hosmer v. Railroad Co., 156 Mass. 506, 31 N.E. 652; Barrett v. Conragan, 302 Mass. 33, 18 N.E.2d 369; Clarke v. Ames, 267 Mass. 44, 165 N.E. 696; Northwestern Mut. Fire Ass'n v. Pacific Wharf & S. Co., 187 Cal. 38, 200 P. 934; Weirick v. Hamm Realty Co., 179 Minn. 25, 228 N.W. 175, 176; Holly v. Southern Ry. Co., 119 Ga. 767, 47 S.E. 188, 189; Cato v. Southern Ry. Co., 26 Ga. App. 578, 107 S.E. 98, 99; Niederhaus v. Jackson, 79 Ind.App. 551, 137 N.E. 623, 624; Missouri Pac. R. Co. v. Fuqua, 150 Ark. 145, 233 S.W. 926; Fidelity Union Life Ins. Co. v. Fine, Tex.Civ. App., 120 S.W.2d 138; see also Kansas City, Ft. S. & M. R. Co. v. B. F. Blaker & Co., 68 Kan. 244, 75 P. 71, 64 L.R.A. 81, 1 Ann.Cas. 883.

[5] Scotch Mfg. Co. v. Carr, 53 Fla. 480, 43 So. 427, 428; Hall v. O'Neil Turpentine Co., 56 Fla. 324, 47 So. 609, 612, 613, 16 Ann.Cas. 738; Southern Home Ins. Co. v. Putnal, 57 Fla. 199, 49 So. 922, 930; Mizell Live Stock Co. v. J. J. McCaskill Co., 59 Fla. 322, 51 So. 547, 550; Prudential Ins. Co. of America v. Prescott, 130 Fla. 11, 176 So. 875, 880, 881; Pierce v. Isaac, 134 Fla. 666, 184 So. 509, 513; Travers v. Stevens, 108 Fla. 11, 145 So. 851, 854, 855; Mitchell v. Mason, 65 Fla. 208, 61 So. 579, 589, 590; Davis v. Strine, 141 Fla. 23, 191 So. 451, 452; City of Leesburg v. Ware, 113 Fla. 760, 153 So. 87, 89, 90; Florida Nicolson v. Good Samaritan Hospital, Fla., 199 So. 344, 349. Cf. Ireland v. Craggs, 5 Cir., 56 F.2d 785, 787.

[6] In Texas there is no public policy against contracts between ordinary and independent contractors, like Olvera, which exempt from liability for ordinary negligence. Missouri, K. & T. Ry. v. Carter, 95 Tex. 461, 68 S.W. 159, 164-166; Fidelity Union Life Ins. Co. v. Fine, Tex.Civ.App., 120 S.W.2d 138, 139.

Similarly in Kansas, independent contractors may exempt themselves from liability for ordinary negligence. Thirlwell v. Hines, 108 Kan. 700, 196 P. 1068, 1069; Griffiths Grain Co. v. St. Joseph & G. I. Ry. Co., 94 Kan. 590, 146 P. 1134; Kansas City, Ft. S. & M. R. Co. v. B. F. Blaker & Co., 68 Kan. 244, 76 P. 71, 64 L.R.A. 81, 1 Ann.Cas. 883. See also Atchison, T. & S. F. Ry. Co. v. Fronk, 74 Kan. 519, 87 P. 698, 699, 700, 11 Ann.Cas. 174, and Sewell v. Atchison, T. & S. F. Ry., 78 Kan. 1, 96 P. 1007, where the Kansas supreme court distinguishes between contracts attempting to exempt railways from liability to their employees for negligence and such valid provisions in agreements between independent contractors.

practiced and the contract was legal in all respects. Scotch Manufacturing Co. v. Carr [53 Fla. 480] 43 So. 427."

█ We hold that the last cited provision of the Ringling-Olvera contract exempts the appellants from liability for their ordinary negligence and the court erred in refusing the requested instruction concerning their liability solely for gross negligence.

The judgment is reversed.

MATHEWS, Circuit Judge (concurring in the result).

There was no evidence warranting a finding that the injuries sustained by appellee Olvera were proximately caused by the negligence—gross, or ordinary—of appellants or either of them. Appellants' motion for a directed verdict should have been granted.