## AL G. BARNES AMUSEMENT CO. et al.
## v. OLVERA.

### No. 10877.

Circuit Court of Appeals, Ninth Circuit.

March 14, 1946.

Combs & Murphine, Lee Combs, George P. Kinkle, and John S. Hunt, all of Los Angeles, Cal., for appellants.

David C. Marcus, of Los Angeles, Cal., for appellee.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

Appellant corporations, called respectively Barnes and Ringling, seek reversal of a verdict based judgment holding them liable for the injuries sustained by appellee trapeze performer in the shows of the Barnes circus, in a fall from her trapeze installed by employees of Barnes. She fell to the earth at a point about a foot outside the net held and to be moved by the employees of Barnes to catch her.

The amended complaint on which the case was tried tendered the issue that appellants were grossly negligent both with respect to the installation of the trapeze and the movement of the net.

There had been a former trial and judgment against appellants and an appeal to this court. We there reversed the judgment and held that the relationship of the appellee to appellants was that of an independent contractor to perform in Ringling's circuses, of which Barnes' circus was one, and that under the law of Florida, which we regarded as controlling, failure on the part of Barnes to perform its part in the contract for appellee's act would impose liability upon appellants only if it amounted to gross negligence. 9 Cir., 119 F.2d 584.

On the second trial there was a stipulation of the parties that the relationship was that of such contractor, thus eliminating any contention regarding the fellow-servant rule. The district court, at the request of appellants, instructed the jury with respect to the character of gross negligence that—

"Gross negligence is different from ꞌand greater than ordinary negligence. Gross negligence has been defined as want of slight diligence, as an entire failure to exercise care, or the exercise of so slight a degree of care as to justify the belief that there was an indifference to the things and welfare of others, and as that want of care which would raise a presumption of the conscious indifference to consequences."

It refused to give the following requested instruction, and two others making wilfulness a necessary element in gross negligence:

"The elemental idea of 'negligence' is failure or omission—the failure or omission to do something which should have been done. Negligence that is 'gross' involves the additional and affirmative element of intent to do or willfulness with which is done the negligent act. Gross negligence is defined to be the intentional failure to perform a manifest duty in reckless disregard of the consequences as affecting the life or property of another; such a gross want of care and regard for the rights of others as to justify the presumption of willfulness and wantonness."

■ We do not agree that it was error to refuse such instructions. Sluggish inattention to the performance of agreed acts requiring high professional skill to prevent a great danger to human beings, such as sewing up the external cutting in an abdominal operation and leaving in the patient the blood absorbing gauze when discharged, well may amount to gross negligence though the surgeon in charge of the operation have no will at all to injure the patient.

Here one of the main contributions to the gate receipts of the Barnes circus was the audience's anticipatory thrill of the danger to life and limb of the aerial artists. The obligation of appellants under their contract with appellee is for the highest degree of professional skill and attention in the installation of the trapeze and in the handling of the net below. In the attempted discharge of that obligation there may be gross negligence without any willing on the part of the employees of the appellant corporations to do appellee any injury. There is no merit to the contention that the obligation of appellants under their contract is no more than that to an invitee to be present in the circus ring.

■ Nor it there merit to the contention that the jury was not sufficiently advised that if appellee saw and realized any gross negligence in the installation of the trapeze or handling of the net she could not recover. The instruction given amply stated the contention.[1] The contract required inspection of the apparatus by the appellee. The instruction of the court properly stated her obligation in that regard[2] and the further instructions requested by appellants were properly denied.

■ Appellants allege error in the following instruction

---

[1] "In this case if you believe from the evidence that the plaintiff at or before the time of the injury knew and appreciated the danger and peril of the work in which she was engaged at the time of the injury and understood the same, and then chose to engage in the work which exposed her to such perils and danger, she cannot recover if her injuries were caused by such danger and peril, and in determining the question whether or not the plaintiff knew, appreciated and understood the perils and danger of the work in which she was engaged, you will consider the evidence as to plaintiff's age and mentality, and as to her previous experience with a trapeze or similar apparatus, and all other evidence bearing upon said issue."

[2] "I instruct you if you find that it was the duty of plaintiff under her written contract to supervise and inspect the erection of the apparatus used by her in her act, or that she did so supervise or inspect said apparatus prior to the use of same at the time of her accident and that there was a defect in said apparatus which was the proximate cause of her fall, and if you find that plaintiff could or should have known of such defect if she had exercised ordinary care and prudence and had the experience and intelligence to appreciate the danger, then you will find for the defendants upon the question of gross negligence insofar as the erection and placing in position of plaintiff's apparatus is concerned."

"If you find that the injuries sustained by plaintiff, if any, proximately resulting from her fall were not caused solely by ordinary negligence, if any there was on the part of defendant Al G. Barnes Amusement Company, or that such injuries, if any, were not the result of an unavoidable accident or of the risks incident to the act which she had contracted to perform, *and if you find* from a preponderance of the evidence that said defendant assumed and undertook to *erect and place in position the trapeze* to be used by plaintiff in performance of her act, without supervision or inspection by plaintiff, and that without the aid or supervision or inspection on the part of plaintiff or of any person acting in her behalf, said defendant at Anthony, Kansas, on the 12th day of September, 1937, did erect and place in position plaintiff's trapeze, and that this was so done in a grossly negligent manner, and that as a proximate result of such gross negligence plaintiff fell from her trapeze and was injured, *or if you find* by such preponderance of the evidence that said defendant undertook to and *did provide a net* and persons to maintain and operate it, for the purpose of catching plaintiff in safety in the event of her falling from the trapeze in performing her act, and that said defendant's employees so operated said net in a grossly negligent manner that they failed to catch plaintiff when she fell and that as a proximate result of such failure she struck the ground and was injured, and if you further find by such preponderance of evidence that such gross negligence, if any there was, either in the erection and placing in position of said trapeze or in the maintenance and operation of said net, was the proximate cause of plaintiff's injuries, and that plaintiff herself was not guilty of negligence which proximately contributed thereto, then plaintiff is entitled to recover against defendant Al G. Barnes Amusement Company," (Emphasis supplied.)

and claim that the word "or" in the phrase "or if you find," near the middle thereof, excludes the matter preceding the earlier phrase "and if you find." We do not agree. We regard the jury as instructed that, in addition to the gross negligence concerning the net, they must find absence of ordinary negligence, unavoidable accident and risks incidental to the trapeze performance.

There is evidence from which the jury could have inferred that appellee's life crippling injuries were proximately caused by gross negligence in the failure so to handle the net as to catch her in her fall from the trapeze. The net was not supposed to be immovable. The agreed time of the fall was well over a second, in which time ordinary athletes may run eight yards. A movement of the net of two feet would have saved her. Though requiring the highest skill and concentration on the artist, there is evidence that Barnes' employees saw nothing and did nothing.

■ It is unnecessary for us to consider the contention that there is such an absence of evidence of gross negligence in appellants' installation of the trapeze as to warrant a directed verdict for appellants in that regard, since no instructed verdict was asked with respect to that installation. Appellants' request for an instructed verdict was based upon the absence of any gross negligence whatsoever in the appellants.[3] We have found negligence with regard to the net.

■ On the same evidence in the first appeal, we held that the relationship of the parties made Ringling liable for the gross negligence of Barnes. We adhere to the law of the case in this regard.

The judgment is affirmed.

---

3 "That the contract sued upon in this case is a contract made under the laws of the State of Florida and contains a clause releasing defendants or any contracting parties from any liability for damages which might have occurred to any participants under the contract, and in this connection further call the Court's attention to the fact that *there is no evidence of gross negligence in this case and none has* *been proven by plaintiff herein,* and no facts or circumstances have been shown or proven constituting a release or waiver from the release clause contained in plaintiff's contract, plaintiff's Exhibit No. 1 in this action, and that the same is of binding force and effect upon the plaintiff and bars and prohibits her recovery in this action." (Emphasis supplied.)